(No. 87930.-

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DONALD EDWARDS, Appellant.

*Opinion filed September 20, 2001.*

FITZGERALD, J., specially concurring.
GARMAN, J., joined by THOMAS, J., dissenting.

Daniel D. Yuhas, Deputy Defender, and Robert Neal Markfield, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

James E. Ryan, Attorney General, of Springfield, and John C. Piland, State's Attorney, of Urbana (Joel D. Bertocchi, Solicitor General, and William L. Browers and Lisa A. Smith, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

The defendant, Donald Edwards, filed a *pro se* post-conviction petition in the circuit court of Champaign County pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1998)) in which he alleged that, following the entry of his guilty plea, his court-

appointed attorney refused his request to "file an appeal" and became "totally unavailable in regard to the case." The circuit court dismissed the petition as frivolous or patently without merit. See 725 ILCS 5/122—2.1(a)(2) (West 1998). The appellate court affirmed. 305 Ill. App. 3d 853. For the reasons that follow, we reverse the judgments of the circuit and appellate courts.

## BACKGROUND

Defendant was indicted in 1997 on one count of unlawful possession of a controlled substance and one count of unlawful possession with intent to deliver a controlled substance. In October 1997, while before the circuit court, defendant stated that he wished to plead guilty to the count of unlawful possession with intent to deliver a controlled substance. In exchange for defendant's plea, the State agreed to drop the remaining count and recommend a term of imprisonment not to exceed six years. The circuit court admonished defendant of his rights, accepted the plea, and sentenced defendant to six years' imprisonment.

The circuit court then informed defendant that, although he had pled guilty, he retained the right to appeal. Pursuant to Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)), the circuit court explained to defendant the conditions to pursuing an appeal from a guilty plea that are set forth in Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). Rule 604(d) requires a defendant who wishes to appeal from a judgment entered upon a guilty plea to first file a motion in the circuit court to withdraw his guilty plea within 30 days of sentencing. 145 Ill. 2d R. 604(d). Such a motion must specify the grounds for withdrawal of the plea. 145 Ill. 2d R. 604(d) ("The motion shall be in writing and shall state the grounds therefor"). In the case at bar, the circuit court properly admonished defendant that he could appeal from "the judgment of conviction on [the] plea, or the sentence imposed," but

only after filing "a written motion to withdraw or take back your plea."

No further pleadings were filed after sentencing.

In February 1998, defendant filed a *pro se* petition for post-conviction relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 1996)). Defendant made a number of allegations within his petition including, *inter alia*, an allegation that his attorney failed to subpoena witnesses that defendant had requested and an allegation that his attorney showed a lack of interest in his case. Defendant also alleged the following:

"I requested to [my attorney] Lenik to file an appeal, after the Judge (DeLaMar) explained to me that I could do so. Atty. Lenik stated in regard to the appeal, quote [*sic*] On what grounds? unquote [*sic*] Atty. Lenik had taken it or decided for herself not to file an appeal, in spite of my numerous requests to. She (Atty. Lenik) also became totally unavailable in regard to the case in spite of the repeated calls by my wife on my behalf."

The circuit court found that "[t]his allegation [was] in essence a claim of ineffective assistance of counsel for failure to allow the Petitioner to appeal." After reviewing pertinent case law relating to claims of ineffective assistance of counsel and Rule 604(d), the circuit court concluded that "it would appear that the Petitioner cannot just make the bare allegation that he requested counsel to file a motion to withdraw his plea. The Petitioner must show prejudice. In the least, [this] would apparently mean that the Petitioner would have to show grounds for a motion to withdraw a guilty plea." The circuit court determined that "[t]he Petition for Post-Conviction Relief as provided to this Court does not show *** [any] recognized issues that can be raised in a Motion to Withdraw Guilty Plea." The circuit court then dismissed defendant's petition as frivolous or patently without merit. See 725 ILCS 5/122—2.1(a)(2) (West 1998).

Defendant appealed, arguing that the circuit court erred in concluding that defendant had to show how he was prejudiced by his attorney's failure to file a motion to withdraw his guilty plea. Relying upon this court's decision in *People v. Moore*, 133 Ill. 2d 331 (1990), defendant contended that prejudice should be presumed. In *Moore*, this court held that the prejudice prong of the test for ineffective assistance of counsel (see *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984)) need not be established where counsel fails to perfect a defendant's appeal after trial and the defendant subsequently seeks post-conviction relief. In such cases, prejudice is presumed. *Moore*, 133 Ill. 2d at 339.

The appellate court, however, distinguished *Moore* on the ground that the defendant in that case was convicted following a trial. Citing *People v. Wilk*, 124 Ill. 2d 93 (1988), and *People v. Wendt*, 283 Ill. App. 3d 947 (1996), the appellate court concluded that prejudice should not be presumed for a defendant who has pleaded guilty and agreed to a specific sentence. 305 Ill. App. 3d at 857-58. Finding no grounds for withdrawing the guilty plea set forth in defendant's *pro se* petition, or any explanation of how defendant was prejudiced by his counsel's failure to file the motion to withdraw the guilty plea, the appellate court affirmed the judgment of the circuit court. 305 Ill. App. 3d at 858.

We granted defendant's petition for leave to appeal (177 Ill. 2d R. 315(a)) and, on November 16, 2000, issued an opinion affirming the judgment of the appellate court. Defendant subsequently filed a petition for rehearing, which we allowed. 155 Ill. 2d R. 367; 134 Ill. 2d R. 612(p).

ANALYSIS

I

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1998)) provides a remedy for

defendants who have suffered a substantial violation of their constitutional rights at trial. Under the Act, a post-conviction proceeding not involving the death penalty contains three stages. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). At the first stage, the circuit court must independently review the post-conviction petition within 90 days of its filing and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122—2.1(a)(2) (West 1998). If the court determines that the petition is either frivolous or patently without merit, the court must dismiss the petition in a written order. 725 ILCS 5/122—2.1(a)(2) (West 1998). A post-conviction petition is considered frivolous or patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the "gist of a constitutional claim." *Gaultney*, 174 Ill. 2d at 418, citing *People v. Porter*, 122 Ill. 2d 64, 74 (1988). The "gist" standard is "a low threshold." *Gaultney*, 174 Ill. 2d at 418. To set forth the "gist" of a constitutional claim, the post-conviction petition "need only present a limited amount of detail" (*Gaultney*, 174 Ill. 2d at 418) and hence need not set forth the claim in its entirety. Further, the petition need not include "legal arguments or [citations] to legal authority." *Gaultney*, 174 Ill. 2d at 418.

In his special concurrence, Justice Fitzgerald notes that several decisions from our appellate court have stated that, under the "gist" standard, the *pro se* defendant must " 'plead sufficient *facts* from which the trial court could find a valid claim of deprivation of a constitutional right.' " (Emphasis in original.) 197 Ill. 2d at 260 (Fitzgerald, J., concurring), quoting *People v. Lemons*, 242 Ill. App. 3d 941, 946 (1993). In our view, the "sufficient facts" test used in *Lemons* and other appellate decisions is at odds with this court's holdings and should be avoided.

On its face, the "sufficient facts" test requires a *pro*

*se* defendant to file a factually complete petition at the first stage of the post-conviction proceedings. In other words, the defendant must allege facts that would support all the elements of a constitutional claim. This conclusion follows from the requirement, as stated in *Lemons*, that the facts alleged must be such that the "trial court could find a valid claim of deprivation of a constitutional right." *Lemons*, 242 Ill. App. 3d at 946. Necessarily, if facts supporting all the elements of a constitutional claim are not included in the petition, the circuit court could not "find a valid claim."

However, requiring this type of full or complete pleading is contrary to this court's holding that the *pro se* defendant "need only present a limited amount of detail" (*Gaultney*, 174 Ill. 2d at 418) to survive summary dismissal at the first stage of the post-conviction proceedings. It is also at odds with the "gist" standard itself since, by definition, a "gist" of a claim is something less than a completely pled or fully stated claim.

Further, the "sufficient facts" test imposes too heavy a burden on the *pro se* defendant. While in a given case the *pro se* defendant may be aware of all the facts pertaining to his claim, he will, in all likelihood, be unaware of the precise legal basis for his claim or all the legal elements of that claim. In many cases, the *pro se* defendant will be unaware that certain facts, which in his mind are tangential or secondary, are, in fact, critical parts of a complete and valid constitutional claim. Under the "sufficient facts" test, however, the *pro se* defendant must recognize the facts that need to be pled to support a "valid claim." This is an unrealistic requirement. Accordingly, we decline to adopt the "sufficient facts" test.

If the circuit court does not dismiss the post-conviction petition as frivolous or patently without merit, then the petition advances to the second stage. Counsel is appointed to represent the defendant, if necessary (725

ILCS 5/122—4 (West 1998)), and the State is allowed to file responsive pleadings (725 ILCS 5/122—5 (West 1998)). At this stage, the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. See *People v. Coleman*, 183 Ill. 2d 366, 381 (1998). If no such showing is made, the petition is dismissed. If, however, a substantial showing of a constitutional violation is set forth, then the petition is advanced to the third stage, where the circuit court conducts an evidentiary hearing (725 ILCS 5/122—6 (West 1998)). *Gaultney*, 174 Ill. 2d at 418.

Although the circuit court in the instant case dismissed defendant's petition at the first stage of the postconviction proceedings, we note that the appellate court, in reviewing the circuit court's decision, applied both the first and second stage standards for determining whether a noncapital, post-conviction petition should be dismissed. At the outset of its opinion, the appellate court correctly indicated that the issue presented in this case is whether defendant's petition is frivolous or patently without merit. 305 Ill. App. 3d at 855. At the conclusion of its opinion, however, the appellate court stated: "We affirm the trial court's dismissal of defendant's postconviction petition. Under the Post-Conviction Hearing Act, defendant has the burden of showing a substantial violation of his constitutional rights occurred in the proceedings that resulted in his conviction. Defendant's petition failed to state a claim for ineffective assistance of counsel ***." 305 Ill. App. 3d at 858.

These latter statements are inappropriate, given the procedural posture of this case. The relevant question in the case at bar is not whether defendant's petition makes a substantial showing of a constitutional violation; that is a second stage inquiry. Rather, the question we must address is whether, pursuant to section 122—2.1(a)(2) of

the Act, defendant's petition was properly dismissed at the first stage of the post-conviction proceedings. Thus, the issue before us is limited solely to whether defendant's "petition is frivolous or is patently without merit." 725 ILCS 5/122—2.1(a)(2) (West 1998).

Our review of the circuit court's dismissal of defendant's post-conviction petition is *de novo*. As we have explained, "[d]ue to the elimination of all factual issues at the dismissal stage of a post-conviction proceeding, the question is, essentially, a legal one, which requires the reviewing court to make its own independent assessment of the allegations. Thus, a court of review [is] free to substitute its own judgment for that of the circuit court in order to formulate the legally correct answer." *Coleman*, 183 Ill. 2d at 388.

II

Defendant argues that his post-conviction petition should not have been dismissed as frivolous or patently without merit by the circuit court because the petition raises a nonfrivolous claim that his trial counsel was constitutionally ineffective for failing to file a motion to withdraw his guilty plea and appeal. As noted, the appellate court rejected this argument. The appellate court concluded that defendant's petition was properly dismissed as frivolous because the petition failed to include any explanation of "how defendant was prejudiced or why his guilty plea should be withdrawn." 305 Ill. App. 3d at 858. Drawing a distinction between convictions obtained following a trial and convictions obtained by guilty plea, the appellate court rejected defendant's contention that prejudice should be presumed for a *pro se* defendant who alleges he has been deprived of his right to appeal by his trial counsel's failure to file a motion to withdraw a guilty plea. In so holding, the appellate court distinguished the United States Supreme Court's decision in *Rodriquez v. United States*, 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715 (1969).

In *Rodriquez*, the defendant was convicted following a jury trial on several narcotics charges (see *Rodriquez v. United States*, 387 F.2d 117 (9th Cir. 1967)). The defendant's trial counsel subsequently failed to submit a notice of appeal within the appropriate time period. Although the defendant thereafter attempted to file a notice of appeal himself, the trial court ruled that the expiration of the appeal period deprived the court of jurisdiction over the matter. The defendant subsequently pursued post-conviction relief under 28 U.S.C. § 2255, alleging that he had been improperly denied his right to appeal. Both the District Court for the Northern District of California and the Court of Appeals for the Ninth District denied the defendant's petition, holding that he had failed to disclose what errors he would have raised on appeal. In rejecting this reasoning, the Supreme Court held:

"The Ninth Circuit seems to require an applicant under 28 USC § 2255 to show more than a simple deprivation of [the right to appeal] before relief can be accorded. It also requires him to show some likelihood of success on appeal; if the applicant is unlikely to succeed, the Ninth Circuit would characterize any denial of the right to appeal as a species of harmless error. We cannot subscribe to this approach.

Applicants for relief under § 2255 must, if indigent, prepare their petitions without the assistance of counsel. [Citation.] Those whose education has been limited and those, like petitioner, who lack facility in the English language might have grave difficulty in making even a summary statement of points to be raised on appeal. Moreover, they may not even be aware of errors which occurred at trial. They would thus be deprived of their only chance to take an appeal even though they have never had the assistance of counsel in preparing one. *** Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings. Accord-

ingly, we hold that the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated." *Rodriquez*, 395 U.S. at 330, 23 L. Ed. 2d at 344, 89 S. Ct. at 1717.

The appellate court in the case at bar limited *Rodriquez* to those instances where a *pro se* defendant alleges that he was denied a right to appeal following trial. Recognizing that "[m]ost defendants are not trained in the law," the appellate court concluded that "defendants convicted after trial should not be denied appellate counsel." 305 Ill. App. 3d at 858. According to the appellate court, "[f]or a defendant convicted after trial, who has always professed innocence, the right to appeal insures due process and provides an important safety net to those who may have been wrongly convicted." 305 Ill. App. 3d at 858.

In contrast, the appellate court reasoned, "a defendant who has admitted guilt [does not] need a safety net to protect against a wrongful conviction." 305 Ill. App. 3d at 858. The court noted that, on appeal from a guilty plea, "[w]ith certain exceptions, the defendant is 'limited to structural challenges to the plea proceedings themselves, *i.e.*, whether the plea was entered voluntarily and intelligently based on competent advice from counsel.' " 305 Ill. App. 3d at 858, quoting *Wendt*, 283 Ill. App. 3d at 957. According to the appellate court, "[a] defendant does not need appellate counsel or legal expertise to allege his plea was involuntary or that he was tricked into pleading guilty." 305 Ill. App. 3d at 858. Thus, the appellate court declined to presume prejudice and, instead, concluded that it was appropriate to place the burden on the *pro se* defendant to explain why his guilty plea should be withdrawn.

Shortly after the appellate court filed its opinion in this case, the Supreme Court issued its decision in *Roe v. Flores-Ortega*, 528 U.S. 470, 145 L. Ed. 2d 985, 120 S. Ct.

1029 (2000). In that decision, the Supreme Court rejected the proposition that *Rodriquez* is limited to those cases where a defendant's conviction is obtained following a trial.

In *Flores-Ortega*, the defendant was charged by the State of California with various crimes and entered a plea of guilty to second degree murder. The trial court sentenced him to 15 years to life in prison and, at that time, advised the defendant of his right to appeal within 60 days. Although defense counsel wrote "bring appeal papers" in her file, no notice of appeal was filed within the applicable time period. Four months after he was sentenced, the defendant attempted to file a *pro se* notice of appeal, which was rejected by the clerk of court. Having exhausted state *habeas corpus* proceedings, the defendant filed a federal *habeas corpus* petition alleging ineffective assistance of counsel on the basis of his attorney's failure to file the notice of appeal after allegedly promising the defendant that she would do so.

The Supreme Court held that *Strickland* provided the proper framework for evaluating the defendant's claim. With respect to the performance prong of *Strickland*, the Court observed that it has been "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-Ortega*, 528 U.S. at 477, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035. The Court explained that this is so because counsel's failure to file a notice of appeal cannot be considered a strategic decision: "filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." *Flores-Ortega*, 528 U.S. at 477, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035. Moreover, a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to do so. *Flores-Ortega*, 528 U.S. at 477, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035.

The Court went on to explain, however, that it could not determine from the record before it whether the defendant had conveyed his wishes regarding whether to appeal. Given this fact, the Court concluded, "we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal." *Flores-Ortega*, 528 U.S. at 478, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035. Thus, in the Court's words, the question at "the heart of this case" was "[u]nder what circumstances does counsel have an obligation to consult with the defendant about an appeal?" *Flores-Ortega*, 528 U.S. at 478, 145 L. Ed. 2d at 996, 120 S. Ct. at 1035. After setting out these circumstances, the Court determined that, based on the limited record before it, a conclusion could not be reached as to whether counsel in that case had a duty to consult. The Court therefore remanded the cause to the district court for further consideration of this issue. *Flores-Ortega*, 528 U.S. at 487, 145 L. Ed. 2d at 1001-02, 120 S. Ct. at 1040.

With respect to the prejudice prong of the *Strickland* test, the Court stated that whether a defendant is required to show actual prejudice or whether prejudice is presumed "turns on the magnitude of the deprivation of the right to effective assistance of counsel." *Flores-Ortega*, 528 U.S. at 482, 145 L. Ed. 2d at 998, 120 S. Ct. at 1037. Where a defendant alleges that during a critical stage of a judicial proceeding he was denied the assistance of counsel altogether, " '[n]o specific showing of prejudice [is] required,' because 'the adversary process itself [is] presumptively unreliable.' " *Flores-Ortega*, 528 U.S. at 483, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038, quoting *United States v. Cronic*, 466 U.S. 648, 659, 80 L. Ed. 2d 657, 668, 104 S. Ct. 2039, 2047 (1984). In *Flores-Ortega*, the Court explained that defense counsel's "al-

leged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." *Flores-Ortega*, 528 U.S. at 483, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038. In other words, the "deficiency deprived [defendant] of the appellate proceeding altogether." *Flores-Ortega*, 528 U.S. at 483, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038. This, the Court held, "demands a presumption of prejudice." *Flores-Ortega*, 528 U.S. at 483, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038.

The Court went on to note, however, that although prejudice was presumed, the defendant still had to show that counsel's deficient performance "actually cause[d] the forfeiture of the defendant's appeal." *Flores-Ortega*, 528 U.S. at 484, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038. Accordingly, the Court held that the defendant would have to demonstrate a reasonable probability that, "but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038. The Court recognized that showing nonfrivolous grounds for appeal might help establish that the defendant would have, in fact, appealed. Critically though, the Court stated:

"[A]lthough showing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed, a defendant's inability to 'specify the points he would raise were his right to appeal reinstated,' *Rodriquez*, 395 U.S. at 330[, 23 L. Ed. 2d at 344, 89 S. Ct. at 1717], will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed. *** We *** conclude here that it is unfair to *require* an indigent, perhaps *pro se* defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal." (Emphasis in original.) *Flores-Ortega*, 528 U.S. at 486, 145 L. Ed. 2d at 1001, 120 S. Ct. at 1039-40.

*Flores-Ortega* thus establishes that a *pro se* defendant, even if he pled guilty, cannot be *required* to demonstrate how his appeal would have been successful in order to establish that he was prejudiced by his attorney's failure to pursue a requested appeal. The appellate court's conclusion to the contrary in the case at bar is therefore in error.

The State maintains, however, that *Flores-Ortega* is distinguishable from the instant case under the deficient performance prong of *Strickland*. As the State points out, the deficient performance alleged in *Flores-Ortega* involved the failure to file a notice of appeal, a ministerial act. See *Flores-Ortega*, 528 U.S. at 477, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035. In contrast, the deficiency alleged in this case, *i.e.*, the failure to file a motion to withdraw a guilty plea, is not a ministerial act because grounds for withdrawing the plea must be alleged in the motion. See 145 Ill. 2d R. 604(d) ("The motion shall be in writing and shall state the grounds therefor"). In the State's view, because the filing of a motion to withdraw a guilty plea is not considered a ministerial act, "counsel's failure to file such a motion, without any rational basis to do so from the client, cannot be labeled unreasonable." Thus, according to the State, defendant's petition must be dismissed as frivolous because it does not allege any grounds for withdrawing the guilty plea.

The State's argument is unpersuasive because it contradicts the principles of *Rodriquez* and *Flores-Ortega*. Defendant in the case at bar alleges that he repeatedly asked his attorney to file an appeal but that she had "taken it or decided for herself not to file" one. For purposes of deciding whether defendant's petition is frivolous, we must take these allegations as true. *People v. Coleman*, 183 Ill. 2d 366, 380 (1998), quoting *People v. Jennings*, 411 Ill. 21, 26 (1952). There is nothing of record which indicates that defendant's counsel reviewed

the plea proceedings for error or consulted with defendant regarding grounds for an appeal before deciding not to file the motion to withdraw the guilty plea. *Cf. Smith v. Robbins*, 528 U.S. 259, 278 n.10, 145 L. Ed. 2d 756, 775 n.10, 120 S. Ct. 746, 760 n.10 (2000) ("[I]n all cases, [an indigent defendant has] the right to have an attorney, zealous for the indigent's interests, evaluate his case and attempt to discern nonfrivolous arguments" before deciding not to pursue an appeal). Under these circumstances, as *Rodriquez* and *Flores-Ortega* hold, it is unreasonable to place a burden on the *pro se* defendant to demonstrate the merits of his hypothetical appeal. It is irrelevant whether one characterizes this burden as a requirement to allege deficient performance or prejudice because the principle remains the same: the *pro se* defendant cannot be expected " 'to specify the grounds for [his] appeal and show that they have some merit.' " *Flores-Ortega*, 528 U.S. at 486, 145 L. Ed. 2d at 1001, 120 S. Ct. at 1040, quoting *Peguero v. United States*, 526 U.S. 23, 30, 143 L. Ed. 2d 18, 25-26, 119 S. Ct. 961, 966 (1999) (O'Connor, J., concurring, joined by Stevens, Ginsburg and Breyer, JJ.).

Indeed, adopting the State's position, which would place a burden upon the *pro se* defendant to recognize both legal and factual errors in the plea process in order to survive summary dismissal on post-conviction, would inevitably result in certain defendants being improperly denied *any* meaningful review of plea proceedings, despite the constitutional right to a direct appeal (Ill. Const. 1970, art. VI, § 6). For example, assume that a defendant pleads guilty and is sentenced after being improperly admonished or after some other legal error occurs. The defendant asks his attorney to file a motion to withdraw the guilty plea and appeal but counsel, for whatever reason, fails to do so. No motion to withdraw the plea is filed, no record is made that counsel reviewed the

proceedings for error, and no appeal is taken. The defendant subsequently files a *pro se* post-conviction petition alleging that he asked his counsel to file a motion to withdraw the plea and appeal, but that his counsel ignored the request. Based upon the State's reasoning, the post-conviction circuit court must dismiss the petition as frivolous and patently without merit because no grounds for filing the Rule 604(d) motion are set forth. Thus, even though the circuit court has no assurance that an attorney has ever reviewed the plea proceedings for error, and even though, despite the defendant's request, no appellate review of any kind has occurred, the defendant's petition is given no further consideration. This result is unacceptable.

The State makes an additional argument that involves a comparison of post-conviction proceedings and Rule 604(d). The State maintains that placing a burden on *pro se* defendants at the initial stage of post-conviction to specify grounds for withdrawing their guilty pleas puts these defendants in no more difficult a position than a defendant who, after pleading guilty, is without counsel and who therefore must file a *pro se* motion to withdraw his guilty plea under Rule 604(d). Thus, according to the State, the burden it seeks to place on defendant in this case is a reasonable one. We disagree.

Rule 604(d) states that upon receipt of a *pro se* motion to withdraw a guilty plea

"[t]he trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for ade-

quate presentation of any defects in those proceedings." 145 Ill. 2d R. 604(d).

Rule 604(d) adequately addresses the concerns relating to attorney representation that arise when a defendant files a *pro se* motion to withdraw his guilty plea. Once a *pro se* defendant notifies the circuit court that he wishes to withdraw his guilty plea and appeal, the protections offered by Rule 604(d), *i.e.*, the appointment of counsel and the attorney certificate, are automatically triggered. See, *e.g.*, *People v. Griffin*, 305 Ill. App. 3d 326, 330 (1999) ("After a defendant demonstrates his desire to appeal, the trial judge is obligated to inquire whether the defendant seeks counsel"). Significantly, as our appellate court has explained, there is no provision in Rule 604(d) for dismissing a *pro se* motion to withdraw a guilty plea as frivolous. This is so because "[i]t would be contrary to the purpose of the rule to draw a conclusion about the legal basis of the defendant's motion before he has had an opportunity to consult with an attorney to insure that there is legally 'adequate presentation of any defects' (107 Ill. 2d R. 604(d)) in his guilty plea proceedings. Because of the 'strict waiver requirements of Rule 604(d), fundamental fairness requires that a defendant be afforded a full opportunity to explain his allegations and that he have assistance of counsel in preparing the motion.' " *People v. Velasco*, 197 Ill. App. 3d 589, 591-92 (1990), quoting *People v. Ledbetter*, 174 Ill. App. 3d 234, 237-38 (1988); see also *People v. Pegues*, 277 Ill. App. 3d 884, 888 (1996); *People v. Barnes*, 263 Ill. App. 3d 736, 738-39 (1994); *People v. Adams*, 74 Ill. App. 3d 727, 731 (1979); *People v. Moore*, 45 Ill. App. 3d 570, 572 (1976).

Contrary to the State's assertions, a defendant proceeding *pro se* under Rule 604(d) faces a significantly lesser burden than that which the State seeks to place on defendant in the case at bar. A *pro se* defendant under Rule 604(d) does not have to make an "adequate presentation of any defects" (145 Ill. 2d R. 604(d)) in his guilty

plea proceedings or face summary dismissal because there is no provision in Rule 604(d) that provides for summary dismissal of a *pro se* motion to withdraw a guilty plea. Accordingly, the State's attempt to equate the burden it would place on defendant in this case to the one faced by *pro se* defendants under Rule 604(d) is unavailing.

## III

Because there is nothing of record to establish that defendant's trial counsel ever reviewed the plea proceedings for error before deciding not to pursue an appeal, and because it is contrary to the holdings of *Flores-Ortega* and *Rodriquez* under these circumstances to require defendant, who is proceeding *pro se*, to provide grounds for withdrawing his guilty plea and his appeal, we hold that the circuit court erred in dismissing defendant's petition at the first stage of the post-conviction proceedings. Whether, in the circumstances of this case, defense counsel's decision not to file a motion to withdraw the guilty plea constitutes ineffective assistance of counsel requires the appointment of an attorney who will be able to consult with defendant regarding his claim and explore in more detail the factual and legal ramifications of defendant's claim. At this juncture, it would be inappropriate to conclude that defendant's claim of ineffective assistance of counsel is so completely lacking in substance that it is frivolous or patently without merit.

Our holding is limited to the specific issue before us, *i.e.*, whether the circuit court erred in dismissing defendant's petition at the first stage of the post-conviction proceedings. We do not hold that defendant is entitled to an evidentiary hearing. To merit an evidentiary hearing on his claim that he told his trial counsel to file a motion to withdraw his guilty plea and that counsel was constitutionally ineffective for failing to do so, defendant will have to make a substantial showing to that ef-

fect. See *Coleman*, 183 Ill. 2d at 381. Such a showing will necessarily entail some explanation of the grounds that could have been presented in the motion to withdraw the plea. Since defendant will be at the second stage of the post-conviction proceedings and will be represented by an attorney, rather than proceeding *pro se*, this will not present an unreasonable burden.

## CONCLUSION

For the foregoing reasons, the judgments of the appellate court and the circuit court are reversed. The cause is remanded to the circuit court for further proceedings consistent with this opinion.

> *Appellate court judgment reversed;*
> *circuit court judgment reversed;*
> *cause remanded.*

JUSTICE FITZGERALD, specially concurring:

I agree with the majority that the trial court erred in summarily dismissing the defendant's post-conviction petition. I write separately to discuss the confusion surrounding so-called first-stage dismissals under section 122—2.1(a)(2) of the Act. Understandably, there is great reluctance to accept dismissal of a petition filed by an indigent defendant without the benefit of counsel. This reluctance, and the vague language contained in section 122—2.1, have led to the use of the terms "gist" and "low threshold" in an effort to define the first-stage pleading standard. I write separately to discuss the problems inadvertently created by these terms.

In 1983, the General Assembly amended the Act to include section 122—2.1, which directed the trial court to conduct a threshold evaluation of post-conviction petitions and to dismiss those which were "frivolous" or "patently without merit." Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a). The Act currently provides: "If the petitioner is sentenced to imprisonment and the court determines

the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." 725 ILCS 5/122—2.1(a)(2) (West 1998).

The General Assembly, however, never defined "frivolous" or "patently without merit." Instead, our appellate court provided the initial gloss on these terms. In *People v. Baugh*, 132 Ill. App. 3d 713 (1985), the defendant, whose *pro se* post-conviction petition was summarily dismissed, argued that section 122—2.1 violated due process because it denied counsel to indigent defendants. The court noted that the United States Supreme Court approved federal legislation requiring indigent *habeas corpus* petitioners to prepare petitions without the benefit of counsel. *Baugh*, 132 Ill. App. 3d at 717; see *Rodriguez v. United States*, 395 U.S. 327, 330, 23 L. Ed. 2d 340, 344, 89 S. Ct. 1715, 1717 (1969); see also *Johnson v. Avery*, 393 U.S. 483, 488, 21 L. Ed. 2d 718, 722, 89 S. Ct. 747, 750 (1969) ("It has not been held that there is any general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief"). The court then observed:

> "While it is obvious that counsel should be better able to more artfully draft a petition than an indigent petitioner unschooled in legal drafting, it is certainly not clear that an indigent petitioner could not present the gist of his claim so that the trial court could make an initial determination as to whether *** the claim is frivolous. An indigent petitioner is not deprived of post-conviction relief. We do not find a denial of due process by the operation of section 122—2.1." *Baugh*, 132 Ill. App. 3d at 717.

See also *People v. Dredge*, 148 Ill. App. 3d 911, 913 (1986) ("a petition for post-conviction relief need only contain a simple statement which presents the gist of a claim for relief which is meritorious when considered in view of the record").

Three years later, in *People v. Porter*, 122 Ill. 2d 64 (1988), this court rejected a similar due process argument, noting that an indigent defendant is entitled to appointed counsel after the trial court determines that the claims are not frivolous or patently without merit. *Porter*, 122 Ill. 2d at 74. We held that, "Under the Post-Conviction Hearing Act, the [defendant] must set forth the specific manner in which his rights were violated. [Citation.] The [defendant] does not have to construct legal arguments or cite to legal authority. Once the [defendant] sets out allegations demonstrating a meritorious constitutional claim, he is entitled to have counsel represent him \*\*\*." *Porter*, 122 Ill. 2d at 74. We then quoted *Baugh* with approval, recognizing that an indigent defendant may be able to present the "gist" of a constitutional claim. *Porter*, 122 Ill. 2d at 74.

In the wake of our opinion in *Porter*, however, our appellate court continued to grapple with the sufficiency of pleadings required to survive the first stage of a post-conviction proceeding, and with the meaning of "gist." Compare *People v. Sanders*, 209 Ill. App. 3d 366 (1991) (holding that in the first stage of the proceedings a petitioner must set forth facts which show the denial of a constitutional right), with *People v. Von Perbandt*, 221 Ill. App. 3d 951 (1991) (holding that limited detail is required to survive the first stage of the proceedings). In *People v. Lemons*, 242 Ill. App. 3d 941, 946 (1993), the appellate court attempted to clarify the meaning of "gist":

> "A 'gist of a meritorious claim' is not a bare allegation of a deprivation of a constitutional right. Although a *pro se* defendant seeking post-conviction relief would not be expected to construct legal arguments, cite legal authority, or draft her petition as artfully as would counsel, the *pro se* defendant must still plead sufficient *facts* from which the trial court could find a valid claim of deprivation of a constitutional right." (Emphasis in original.)

Thereafter, other appellate panels relied upon *Lemons*

for the standard in determining whether to dismiss a petition during the first stage of the proceedings. See, *e.g.*, *People v. Prier*, 245 Ill. App. 3d 1037, 1040 (1993) (" '[a]lthough a *pro se* [litigant] *** would not be expected to construct legal arguments, cite legal authority, or draft her petition as artfully as would counsel, the *pro se* defendant must still plead sufficient *facts* from which the trial court could find a valid claim' " (emphasis in original)), quoting *Lemons*, 242 Ill. App. 3d at 946.

In *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996), we had a chance to clarify *Porter* and the first-stage pleading standard. An extended quotation from *Gaultney* is necessary to show what we said, and what we did not say:

> "Pursuant to the Act, a post-conviction proceeding that does not involve the death penalty has three distinct stages. In the first stage, the defendant files a petition and the circuit court determines whether it is frivolous or patently without merit. At this stage, the Act does not permit any further pleadings from the defendant or any motions or responsive pleadings from the State. Instead, the circuit court considers the petition independently, without any input from either side. To survive dismissal at this stage, a petition need only present the gist of a constitutional claim. *People v. Porter*, 122 Ill. 2d 64, 74 (1988). This is a low threshold and a defendant need only present a limited amount of detail in the petition. At this stage, a defendant need not make legal arguments or cite to legal authority. *Porter*, 122 Ill. 2d at 74. The Act provides that the petition must be supported by 'affidavits, records, or other evidence supporting its allegations' or the petition 'shall state why the same are not attached.' 725 ILCS 5/122—2 (West 1992). If the circuit court does not dismiss the petition pursuant to section 122—2.1, it is then docketed for further consideration." *Gaultney*, 174 Ill. 2d at 418.

In the first instance, I note that the facts in *Gaultney* presented a peculiar hybrid of the first and second stages; the trial court had dismissed the petition as frivolous, but only after the State had filed a motion to dismiss. At issue in *Gaultney* was whether the State's motion to

dismiss tainted the trial court's first-stage review of the petition. We did not directly address the level of pleadings required to survive the first stage.

More importantly, *Gaultney* did not redefine the first-stage pleading requirement—it did not mention any dispute regarding the pleading threshold for first-stage dismissals; it did not correct, modify, or clarify this threshold; and it did not set a new standard. *Gaultney* simply followed the course we set in *Porter*. I believe that *Gaultney* is consistent with *Lemons*. Although *Gaultney* does not directly refer to the "sufficient facts" pleading requirement stated in *Lemons*, it does state that a petition must be supported by some degree of factual evidence. Both opinions discuss the necessity to present factual evidence in order to state the "gist" of a constitutional claim. The consistent tenor of post-*Gaultney* appellate court cases supports this reading. See *People v. Truly*, 318 Ill. App. 3d 217, 222 (2000); *People v. Patton*, 315 Ill. App. 3d 968, 972 (2000) (citing *Lemons*); *People v. Donley*, 314 Ill. App. 3d 671, 673-74 (2000) (quoting *Lemons*); *People v. Hill*, 308 Ill. App. 3d 691, 698-99 (1999) (citing *Gaultney*, *Porter*, and *Lemons*); *People v. Douglas*, 296 Ill. App. 3d 192, 197 (1998) (quoting *Lemons*); *People v. Davison*, 292 Ill. App. 3d 981, 985 (1997) (citing *Gaultney* and *Lemons*); *People v. McClain*, 292 Ill. App. 3d 185, 190 (1997) (reconciling *Gaultney* and *Lemons*), *overruled on other grounds*, *People v. Woods*, 193 Ill. 2d 483 (2000); *People v. Anderson*, 287 Ill. App. 3d 1023, 1031 (1997) (citing *Gaultney* and *Lemons*).

The present case illustrates the confusion that exists surrounding the meaning of the term "gist." In this court's original opinion, before we granted the defendant's petition for rehearing, the majority concluded that in order to allege ineffective assistance of counsel on the basis that an attorney failed to preserve appeal rights, a defendant must show the "grounds he or she would have

had to withdraw his or her plea of guilty had the proper motion" been filed by counsel. The opinion provided, "[w]e refuse to create a rule which would require defense counsel to invent grounds for withdrawal of a defendant's guilty plea when defendant fails to provide counsel with an articulable basis for doing so and he offers none in his post-conviction petition." The allegations contained in the petition—the defendant's order, "File an appeal," and the attorney's response, "On what grounds"—did not state the "gist" of a constitutional claim.

The current opinion, which I join, reaches the opposite conclusion from the same set of facts. We now hold that the allegation of a mere request to file an appeal, and an attorney's failure to perfect that appeal, is sufficient to state the "gist" of a constitutional claim. I agree with this conclusion because the facts, as alleged in the defendant's petition, show the real possibility of a valid constitutional claim in two ways. First, the exchange between the defendant and his attorney, in which the attorney asked the defendant "On what grounds" he sought to appeal, leads me to believe that further conversation occurred. Once the attorney asked, "On what grounds," it is reasonable to conclude that the defendant provided a response. This entire exchange warranted further inquiry by the trial court. Second, if the defendant did not respond to counsel's inquiry, and counsel failed to do or say more, her lack of a response warranted further inquiry. The defendant's attorney was required to advise the defendant: an attorney may not relieve herself of the obligation to represent a defendant by forcing the defendant to provide a legal theory or basis for the claim.

Notwithstanding my agreement with the majority's conclusion, I find that this case shows the inherent problems caused by the vague language contained in section 122—2.1. Certainly, judicial economy is not ac-

complished in cases such as this, where "gist" is interpreted in two different ways. We should be vigilant to avoid catchwords like "gist" which shortcut reliance on the relevant statutory language, though I note that we have previously employed the term "gist" to include the elements of a crime. See *People v. Steenbergen*, 31 Ill. 2d 615, 619 (1964) ("In a prosecution for robbery, the gist of the action is that the accused forcibly took property that was in the care, custody, or control of another person").

Instead, we should rely first on the language used within the Act. Section 122—2.1(a)(2) addresses petitions which are "frivolous" or "patently without merit." "Frivolous" means "of little weight or importance: having no basis in law or fact." Webster's Third New International Dictionary 913 (1993); Black's Law Dictionary 677 (7th ed. 1999); accord *Anders v. California*, 386 U.S. 738, 744, 18 L. Ed. 2d 493, 498, 87 S. Ct. 1396, 1400 (1967) (legal points "arguable on their merits" are not frivolous). "Patently" means "clearly, obviously, plainly." Webster's Third New International Dictionary 1654 (1993); Black's Law Dictionary 1147 (7th ed. 1999). "Merit" means "legal significance, standing, or importance." Webster's Third New International Dictionary 1414 (1993); Black's Law Dictionary 1003 (7th ed. 1999). Consequently, the trial court should dismiss petitions having no basis in law or fact or petitions which clearly, obviously, and plainly lack legal significance.

In my view, this standard does not require the defendant to set forth the claim "in its entirety" (197 Ill. 2d at 244), but it does require the defendant to plead sufficient factual allegations to support a valid claim of deprivation of a constitutional right. See *Gaultney*, 174 Ill. 2d at 418 ("The Act provides that the petition must be supported by 'affidavits, records, or other evidence supporting its allegations' "), quoting 725 ILCS 5/122—2 (West 1992);

*Porter*, 122 Ill. 2d at 74 ("Under the Post-Conviction Hearing Act, the petitioner must set forth the specific manner in which his rights were violated"); see also *People v. Coleman*, 183 Ill. 2d 366, 380 (1998) ("at the dismissal stage of a post-conviction proceeding, whether under section 122—2.1 or under section 122—5, the circuit court is concerned merely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity which would necessitate relief under the Act"); cf. *People v. Scott*, 194 Ill. 2d 268, 279 (2000) (the Act establishes an original and independent remedy by a civil proceeding); *People ex rel. Fahner v. Carriage Way West, Inc.*, 88 Ill. 2d 300, 308 (1981) ("Illinois is a fact-pleading State. *** The complaint is deficient when it fails to allege the facts necessary for the plaintiff to recover"); accord *Vernon v. Schuster*, 179 Ill. 2d 338, 344 (1997) ("A plaintiff must allege facts sufficient to bring his or her claim within the scope of the cause of action asserted"); *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 408 (1996). This standard allows the trial court to exercise its screening function to dispose of frivolous petitions which raise claims that have no constitutional basis or present constitutional claims clearly rejected by controlling case law.

A consistent theme runs through the legislative debates: section 122—2.1 was enacted to allow trial judges to evaluate and dismiss frivolous petitions without incurring the expense of copying transcripts and appointing counsel. That is, the purpose of section 122—2.1 was not to prevent the filing of post-conviction petitions, but, according to Senator Sangmeister:

"[A]t least let a judge look at it ***. *** [T]hat's what we have judges for, let them look at the petition and if it has merit, fine ***. But at least let the judge look at it and those [petitions] that are obviously frivolous, let them throw them out.

* * *

*** The question that has to be addressed *** is whether or not the petition has any merit. Once the judge looks at it and says, I don't think this has any merit and tosses it out, that's the end of it." 83d Ill. Gen. Assem., Senate Proceedings, May 19, 1983, at 171-72 (statements of Senator Sangmeister).

Accord 83d Ill. Gen. Assem., Senate Proceedings, June 28, 1983, at 218 (statements of Senator Sangmeister).

The Illinois House debates are substantially similar. Representative Johnson, sponsor of the bill which eventually became section 122—2.1(a), stated:

"This simply says that on those post-conviction matters after the trial, after the appeal, after everything else, that *** the petition alleging new matter has to be matter that is substantive and not frivolous or obviously without merit. ***

* * *

*** All this says, under current law, you have to appoint a new lawyer, you have to order a transcript of the proceedings over and over and over again without limit and without any regard to the merits of the petition ... with regard to the merits of the post-conviction petition. All this says is that when those post-conviction petitions are filed after the trial and after the appeal, that the court has to make a threshold determination that they are not frivolous or obviously without merit." 83d Ill. Gen. Assem., House Proceedings, June 21, 1983, at 92, 95-96 (statements of Representative Johnson).

Accord 83d Ill. Gen. Assem., House Proceedings, November 1, 1983, at 9-10 (statements of Representative Johnson) ("All this does is to provide that the court can dismiss the petition where it determines that the petition is frivolous or patently without merit. *** It still allows petitions with merit to be granted, attorneys to be appointed and the appropriate expenses incurred, but it says if your petition is without merit and frivolous, then the state ought not to log the expense for that"); see 83d

Ill. Gen. Assem., House Proceedings, November 1, 1983, at 7 (statements of Representative Cullerton) ("What we're saying here is that frivolous post-conviction petitions can \*\*\* be dismissed easier than they can be now").

Representative Hawkinson stated:

"This is an excellent piece of legislation. It will not create a new bureaucracy in any sense. What happens too often under the present law is a frivolous post-conviction petition will be filed, and when I say frivolous, and what this Bill addresses is a petition will be filed by some jailhouse lawyer that will state one ground. It will state, for example, that I deserve to have my conviction thrown out because I was improperly represented by the public defender. Anyone that looks at the record in the case can easily see that the person was not even represented by a public defender, but was represented by a private attorney. This is the type of thing that the Bill addresses, where a quick look at the record in the case will show that the petition is absolutely untrue. There [is] no need to go to the expense of appointing a court appointed lawyer, of bringing the individual back from the penitentiary. It only addresses that type of petition." 83d Ill. Gen. Assem., House Proceedings, June 21, 1983, at 89 (statements of Representative Hawkinson).

Representative McCracken added:

"It's important to note that this is patterned after a federal law and is consistent with that practice, 28 U.S.C., 1915. Now, that practice has resulted in curing a backlog problem, which was endemic to the federal post-conviction process. It's important to note \*\*\* that this does not decide the merits of the controversy. All it does is require a threshold finding by the court that there is not a frivolous claim on its face. All it determines is that the claim is or is not frivolous on its face, therefore, it is analogous to a dismissal of pleadings. \*\*\* And the question will be, 'Are the pleadings on their face frivolous? Do they state a claim on their face?' This is crucially important to a ... to avoid the appointment of private counsel or the public defender to a claim which can be fairly and expeditiously and without undue violation of defendant rights decided by the court in the first instance. You must remember the federal prece-

dent is the leading precedent on the question of post-conviction. We merely bring our law into line with them." 83d Ill. Gen. Assem., House Proceedings, June 21, 1983, at 93-94 (statements of Representative McCracken).

See 28 U.S.C. § 1915(d) (1994) ("Proceedings in forma pauperis") ("The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious"); *Neitzke v. Williams*, 490 U.S. 319, 327, 104 L. Ed. 2d 338, 348, 109 S. Ct. 1827, 1833 (1989) ("[Section 1915(d)] accords judges not only the authority to dismiss a claim based upon an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33, 118 L. Ed. 2d 340, 349-50, 112 S. Ct. 1728, 1733-34 (1992) (factual frivolousness). These comments demonstrate that the General Assembly intended section 122—2.1 to serve as a modest barrier to meritless petitions. Lowering the defendant's pleading burden too far contradicts the legislature's intent.

Today's opinion raises an additional concern. In order to provide clarity to the Act, this court has divided the Act into a progression of "stages." *Gaultney*, 174 Ill. 2d at 418. In order to prevail in the second stage of the proceedings, a defendant must make a "substantial showing of a violation of constitutional rights." 725 ILCS 5/122—4 (West 1998). The underlying purpose of the entire Act, however, is to provide relief from a "substantial denial" of rights under the United States or Illinois Constitutions. 725 ILCS 5/122—1 (West 1998).

In the current opinion, the majority states:

"At the outset of its opinion, the appellate court correctly indicated that the issue presented in this case is whether defendant's petition is frivolous or patently without merit.

[Citation.] At the conclusion of its opinion, however, the appellate court stated: 'We affirm the trial court's dismissal of defendant's postconviction petition. Under the Post-Conviction Hearing Act, defendant has the burden of showing a *substantial violation* of his constitutional rights occurred in the proceedings that resulted in his conviction. Defendant's petition failed to state a claim for ineffective assistance of counsel ***. [Citation.]'

These latter statements are inappropriate, given the procedural posture of this case. The relevant question in the case at bar is not whether defendant's petition makes a *substantial showing* of a constitutional violation; that is a second stage inquiry." (Emphases added.) 197 Ill. 2d at 246.

The majority criticizes the appellate court's incidental use of the word "substantial," but misapprehends the appellate court's opinion. The appellate court, in referring to a "substantial violation" simply sought to focus attention on the central purpose of the Act—to provide a procedural mechanism through which a defendant can assert "that in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122—1 (West 1998); see *Coleman*, 183 Ill. 2d at 378-79. The appellate court did not, as the majority charges, wrongfully impose a higher "substantial showing" burden. At the outset, the appellate court recognized that the defendant need only "assert the gist of a constitutional claim." 305 Ill. App. 3d at 855. The appellate court's statement was not inappropriate, but rather "general terminology that is common in post-conviction proceedings." *Gaultney*, 174 Ill. 2d at 422.

The conclusions reached in our own cases show that reasonable persons have difficulty determining whether the defendant's allegations have met the murky frivolousness standard. These cases depend more on fact variances and less on cognizable legal standards, and the

legal standards we have formulated inadvertently aggravate this confusion. In light of the continuing struggle of Illinois courts to bring clarity and certainty to the Act's pleading requirements for first-stage petitions, I believe that the trial bench and bar should approach first-stage proceedings with caution.

Where doubt exists regarding dismissal at the first stage, the trial court should not hesitate to allow the claim to proceed to the second stage, where counsel may amend the petition and craft a more proper pleading for the court's review. If the petition is dismissed at the second stage of the proceedings, a reviewing court is presented with more adequately pleaded facts. Conversely, if the defendant is granted an evidentiary hearing, the defendant will obtain that which by law is his right. At present, this solution serves both the ends of justice and judicial economy.

JUSTICE GARMAN, dissenting:

I believe the trial court correctly dismissed defendant's *pro se* post-conviction petition as frivolous and patently without merit because the petition failed to allege grounds for the withdrawal of defendant's guilty plea.

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1998)) limits a defendant to constitutional challenges of the proceedings that resulted in his conviction. A post-conviction proceeding is a collateral attack on a prior conviction and sentence and "is not a substitute for, or an addendum to, direct appeal." *People v. Kokoraleis*, 159 Ill. 2d 325, 328 (1994). In such a proceeding, the defendant bears the burden of establishing a substantial deprivation of his constitutional rights. *People v. Guest*, 166 Ill. 2d 381, 389 (1995). As noted by the majority, under the Act, a post-conviction proceeding not involving the death penalty is divided into three stages. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). At

the first stage, the trial court examines the defendant's post-conviction petition and shall dismiss the petition if it is frivolous or patently without merit. 725 ILCS 5/122—2.1(a) (West 1998). At this stage, the petition need only present the "gist" of a constitutional claim. *Gaultney*, 174 Ill. 2d at 418. If the petition survives first-stage dismissal, it will advance to the second stage, where the court must determine whether the defendant has made a substantial showing of a violation of his constitutional rights. At this stage, the trial court shall appoint counsel, if necessary, to represent an indigent defendant. 725 ILCS 5/122—4 (West 1998). If the post-conviction petition advances to the third stage, the trial court will conduct an evidentiary hearing. 725 ILCS 5/122—6 (West 1998); *Gaultney*, 174 Ill. 2d at 418.

In his *pro se* post-conviction petition, defendant alleged that his trial counsel "had taken it or decided for herself not to file an appeal, in spite of [his] numerous requests to [do so]." The trial court determined that this allegation was one of ineffective assistance of counsel. On appeal to this court, defendant contends that he was denied the effective assistance of counsel because counsel failed to perfect his right to appeal by filing a motion to withdraw his guilty plea. To establish ineffective assistance of counsel, a defendant must show that (1) his counsel's representation fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 697-98, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984).

The determinative fact in this case is defendant's choice to plead guilty. Entering a guilty plea is a " 'grave and solemn act.' " *People v. Evans*, 174 Ill. 2d 320, 326 (1996), quoting *Brady v. United States*, 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756, 90 S. Ct. 1463, 1468 (1970). It is not a " 'temporary and meaningless formality revers-

ible at the defendant's whim.' " *Evans*, 174 Ill. 2d at 326, quoting *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975). In Illinois, a defendant who pleads guilty is not entitled to a direct appeal from his conviction and sentence. To challenge his guilty plea, the defendant must first file with the trial court a motion to withdraw his plea and vacate the judgment against him. This motion "shall be in writing and shall state the grounds therefor." 188 Ill. 2d R. 604(d). If the defendant's motion to withdraw his plea is allowed, the plea of guilty, sentence, and judgment will be vacated and a trial date will be set. 188 Ill. 2d Rs. 605(b)(3), 604(d). In this instance, there is no appeal. If, on the other hand, the motion is denied, only that decision can be considered on review. *Evans*, 174 Ill. 2d at 329. Further, a voluntary guilty plea waives all nonjurisdictional errors or irregularities. *People v. Peeples*, 155 Ill. 2d 422, 491 (1993); *People v. Horton*, 143 Ill. 2d 11, 22 (1991); *People v. Del Vecchio*, 105 Ill. 2d 414, 433 (1985); see also 5 W. LaFave, J. Israel & N. King, Criminal Procedure § 21.6 (2d ed. 1999).

Unlike the defendant who is convicted pursuant to a guilty plea, the defendant who chooses to go to trial and is convicted has an automatic right to an appeal.[1] The defendant who chooses to be tried maintains his innocence. As the appellate court noted, "[f]or a defendant convicted after trial, who has always professed innocence, the right to appeal insures due process and provides an important safety net to those who may have been wrongly convicted." 305 Ill. App. 3d 853, 858. The defendant who appeals from a conviction following a trial may

[1]Appeals, however, must be perfected by filing a notice of appeal with the clerk of the trial court within 30 days after the entry of the final judgment appealed from. In cases in which a death sentence is imposed, an appeal is automatically perfected without any action by the defendant or his counsel. 188 Ill. 2d R. 606(b).

raise any issue on appeal as long as that issue has been properly preserved. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (both a trial objection and a written post-trial motion raising the issue are required to preserve alleged errors).

Thus, when a defendant, convicted after trial, asks his attorney to file a notice of appeal and the attorney fails to do so, that defendant's right to appeal has been violated. This is what occurred in *Rodriquez v. United States*, 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715 (1969). There, the Supreme Court rejected the notion that the defendant's post-conviction petition, in which he alleged "that his retained counsel had fraudulently deprived him of his right to appeal," needed to specify the points he would raise on appeal. *Rodriquez*, 395 U.S. at 329, 23 L. Ed. 2d at 343, 89 S. Ct. at 1716. The Court noted that "[t]hose whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings." *Rodriquez*, 395 U.S. at 330, 23 L. Ed. 2d at 344, 89 S. Ct. at 1717.

Similarly, in *Roe v. Flores-Ortega*, 528 U.S. 470, 145 L. Ed. 2d 985, 120 S. Ct. 1029 (2000), the defendant was denied his right to appeal by counsel's failure to file a notice of appeal. The defendant entered a plea of guilty pursuant to a California rule that permitted him both to deny committing a crime and to admit the evidence was sufficient to convict him. The trial judge advised the defendant of his right to file an appeal within 60 days. Counsel failed to file a notice of appeal within the requisite period and the defendant's subsequent *pro se* notice was rejected as untimely. Then, the defendant filed a petition for federal *habeas corpus* relief pursuant to section 2254 of the United States Code (28 U.S.C. § 2254 (1994)), alleging constitutionally ineffective assistance of

counsel based on his counsel's failure to file a notice of appeal after she promised to do so. *Flores-Ortega*, 528 U.S. at 474, 145 L. Ed. 2d at 993, 120 S. Ct. at 1033. The majority concludes that in *Flores-Ortega*, "the Supreme Court rejected the proposition that *Rodriquez* is limited to those cases where a defendant's conviction is obtained following a trial." 197 Ill. 2d at 250. I disagree with this conclusion.

The *Flores-Ortega* decision was premised on the performance prong of the test for ineffective assistance of counsel. The question presented in the case was whether counsel is deficient for failing to file a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other. *Flores-Ortega*, 528 U.S. at 477, 145 L. Ed. 2d at 995, 120 S. Ct. at 1035. The majority correctly notes that "the question at 'the heart of the case' was '[u]nder what circumstances does counsel have an obligation to consult with the defendant about an appeal?' " 197 Ill. 2d at 251, quoting *Flores-Ortega*, 528 U.S. at 478, 145 L. Ed. 2d at 996, 120 S. Ct. at 1035. The Court, however, also discussed the prejudice prong of *Strickland*. The Court held that assuming the defendant's counsel was deficient under the first prong, that deficiency completely deprived the defendant of appellate proceedings he wanted and "to which he had a right." *Flores-Ortega*, 528 U.S. at 483, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038. This denial required a presumption of prejudice under the second prong. *Flores-Ortega*, 528 U.S. at 483, 145 L. Ed. 2d at 999, 120 S. Ct. at 1038. The Court noted that the prejudice standard "breaks no new ground, for it mirrors the prejudice inquiry applied in *** *Rodriquez v. United States*." *Flores-Ortega*, 528 U.S. at 485, 145 L. Ed. 2d at 1000, 120 S. Ct. at 1039. This prejudice standard is inapplicable to the case at bar because a defendant who pleads guilty in Illinois is not entitled to an appeal.

The defendant in *Flores-Ortega* entered a plea of guilty pursuant to California law. In California, a defendant convicted following a plea of guilty "shall, within 60 days after the judgment is rendered, file as an intended notice of appeal the statement required by section 1237.5 of the Penal Code; but the appeal shall not be operative unless the trial court executes and files the certificate of probable cause required by that section." Cal. Rules of Court, R. 31(d) (2001). Section 1237.5 of the California Penal Code provides:

"No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty *** except where both of the following are met:

(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional or other grounds going to the legality of the proceedings.

(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk." Cal. Penal Code § 1237.5 (West 2000).

California law, unlike the law of this state, does not require a defendant to file a motion to withdraw his guilty plea. Although a defendant in California must comply with section 1237.5's written statement and certificate of probable cause requirements, *the defendant maintains his right to appeal*. Further, he maintains the right to assert on appeal any "reasonable constitutional, jurisdictional or other grounds going to the legality of the proceedings." Cal. Penal Code § 1237.5(a) (West 2000).

In contrast, the Illinois defendant is not entitled to directly appeal his conviction and sentence following a plea of guilty. As previously noted, Rule 604(d) requires him to first file a motion with the trial court to withdraw his plea. If the defendant is allowed to withdraw his plea, the plea, sentence, and judgment will be vacated and the

defendant will proceed to *trial*. If the motion is denied, the defendant may then appeal only the denial of that motion. Therefore, in Illinois, even when a defendant who has been convicted pursuant to a guilty plea requests his attorney to file a motion to withdraw his guilty plea, the attorney's failure to do so is not a *per se* violation of the defendant's right to appeal.

This court's decision in *People v. Wilk*, 124 Ill. 2d 93 (1988), is instructive on the issue presented in this case. In *Wilk*, the defendants pled guilty to various charges and defense counsel filed notices of appeal. Defense counsel, however, failed to file motions to withdraw defendants' guilty pleas pursuant to Rule 604(d). We held that Rule 604(d) serves as a condition precedent for an appeal from a defendant's guilty plea. *Wilk*, 124 Ill. 2d at 105. The defendants, however, were not without a remedy. The remedy could be found in the Act:

> "[I]n a post-conviction petition, the defendant *pro se* needs only to allege a violation of his sixth amendment right to effective assistance of counsel, due to the attorney's failure to preserve appeal rights, and *allege whatever grounds he or she would have had to withdraw his or her plea of guilty had a proper motion to withdraw been filed by defendant's counsel prior to the filing of a notice of appeal.* At the hearing on the post-conviction petition, the two-pronged test laid down in *Strickland v. Washington* will apply to determine if in fact the defendant has been deprived of effective assistance of counsel." (Emphasis added.) *Wilk*, 124 Ill. 2d at 107-08.

A defendant who pleads guilty in this state voluntarily places himself in a different position from a defendant who is convicted after trial. The defendant who pleads guilty has given up his right to appeal unless he has grounds to withdraw his plea. When a judgment is entered upon a plea of guilty, the defendant is put on notice that, to challenge the judgment, he must provide grounds for the withdrawal of his plea. 188 Ill. 2d R. 605(b). If the defendant's motion to withdraw his plea is

granted and the defendant is subsequently convicted after *trial*, he may then appeal that conviction. Consequently, the defendant who pleads guilty must state grounds for the withdrawal of his plea at the first stage of post-conviction if he alleges that he was denied the effective assistance of counsel by counsel's failure to perfect an appeal. He must state more than just that his attorney did not file an appeal. Here, defendant has not alleged enough.

The majority's conclusion essentially eliminates the first stage of post-conviction when a defendant alleges he was denied an appeal due to ineffective assistance of counsel; whether the defendant pleaded guilty or was convicted after trial. The petition, according to the majority, need only allege that the defendant requested counsel to file an appeal and that counsel failed to do so. These petitions will automatically proceed to the second stage of post-conviction where the trial court will appoint counsel.

The majority's holding places defendants convicted after pleading guilty and defendants convicted after trial on equal footing in post-conviction proceedings where it is alleged that counsel deprived a defendant of appellate proceedings. I cannot agree with this result. Defendant failed to state a claim for ineffective assistance of counsel because he failed to allege grounds for the withdrawal of his guilty plea. Therefore, I respectfully dissent.

JUSTICE THOMAS joins in this dissent.