JUSTICE HOLDRIDGE, dissenting: I respectfully dissent. The majority concludes that the defendant failed to allege sufficient facts to meet the Stickland test. I would agree with that conclusion, but I note that the conclusion is irrelevant to the issue of whether the defendant’s postconviction petition should have been summarily dismissed. At the first stage of a postconviction proceeding, the petitioner is not required to allege sufficient facts to meet the Strickland test. He is merely required to state the “gist” of a constitutional claim. People v. Edwards, 197 Ill. 2d 239, 245 (2001). Here, the petitioner stated the “gist” of a claim by alleging at least one factual element, namely, that his attorney failed to contest the validity of the search warrant. That is a fact clearly established in the petition and supporting affidavits. Why counsel failed to challenge the search warrant and, more importantly, what prejudicial effect that failure had on the defendant’s case are not within the competence of a pro se defendant to factually allege at the preliminary stage. Whether counsel’s performance was in fact deficient or whether the defendant was prejudiced can only be alleged after appointment of counsel. Given the sufficient factual allegations made by the defendant at the first stage, summary dismissal of the petition was premature. People v. Shevock, 353 Ill. App. 3d 361, 365 (2004). I would find that the defendant has presented the gist of a claim sufficient to survive summary dismissal and would remand for appointment of counsel who would then have the task of alleging sufficient facts to meet the Strickland test.