2021 IL App (1st) 191820

No. 1-19-1820

Opinion filed December 27, 2021

First Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CR 22 |
| | ) | |
| DIEGO GARCIA, | ) | Honorable |
| | ) | Ramon Ocasio III, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WALKER delivered the judgment of the court with opinion.
Justices Pucinski and Coghlan concurred in the judgment and opinion.

**OPINION**

¶ 1     The trial court dismissed Diego Garcia's postconviction petition without an evidentiary hearing. Garcia argues on appeal that his postconviction attorney did not provide the reasonable assistance required by Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 2     Where a postconviction petitioner asserts he received ineffective assistance of trial counsel because trial counsel failed to file an appeal from a conviction entered on a plea of guilty, postconviction counsel does not provide the reasonable assistance required by Rule 651 if

postconviction counsel does not amend the petition to state grounds for withdrawing the guilty plea. We hold that, because the attorney did not make all the amendments necessary for adequate presentation of Garcia's claims, the dismissal of the petition must be reversed and remanded for appointment of new counsel to assist Garcia with his postconviction petition.

¶ 3                                    I. BACKGROUND

¶ 4     On July 9, 2013, Garcia pled guilty to charges of armed robbery and aggravated discharge of a firearm. The trial court, in accord with the plea bargain, sentenced Garcia to 30 years in prison for armed robbery and 15 years for aggravated discharge, with the sentences to run concurrently.

¶ 5     In January 2015, Garcia filed a postconviction petition. The court appointed the public defender to assist Garcia, and the attorney filed an amended postconviction petition in May 2018. The attorney filed a certificate under Rule 651, asserting that she spoke with Garcia, examined the transcripts and the postconviction petition, and found the supplemental petition adequately presented Garcia's claims. Garcia argued that he received ineffective assistance of trial counsel when his attorney told him, incorrectly, that in addition to good time credit Garcia could receive one-half day credit against his sentence for every day he spent in a school program. When he arrived at the prison, his counselor told him his Class X conviction for armed robbery made him ineligible for school credit. Garcia said in an affidavit that, if he had known of the restriction on school credit, he would not have pled guilty. He also claimed his trial counsel provided ineffective assistance when she failed to file a notice of appeal, as he requested.

¶ 6     The trial court entered an order denying the postconviction petition. The court held that incorrect advice about school credit concerned only a collateral consequence of the conviction and that therefore it could not show ineffective assistance of counsel. The court dismissed the claim

regarding the notice of appeal because Garcia "failed to include any supporting materials whatsoever." Garcia now appeals.

¶ 7                                      II. ANALYSIS

¶ 8      Garcia does not dispute the trial court's rulings. Instead, he contends only that he did not receive reasonable assistance from postconviction counsel. The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) entitles petitioners to a reasonable level of assistance from counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Rule 651 imposes on counsel a duty to make any amendments to the postconviction petition necessary for adequate presentation of the petitioner's claims. *Id.* Because postconviction counsel filed a Rule 651 affidavit, Garcia must rebut the presumption that counsel provided reasonable assistance. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23.

¶ 9      If a defendant who has pled guilty seeks to appeal, he must first file a motion to withdraw the guilty plea or reconsider the sentence. *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003). In the absence of such a motion, the appellate court must dismiss the appeal. *Id.* at 301. Thus, to state a claim that his trial counsel provided ineffective assistance by failing to file an appeal, Garcia needed to state grounds for withdrawing his guilty plea. See *People v. Edwards*, 197 Ill. 2d 239, 257-58 (2001); *People v. Lamar*, 2015 IL App (1st) 130542, ¶ 16. Postconviction counsel here did not amend the petition to include grounds for withdrawal of the guilty plea, and counsel did not supplement the petition with necessary supporting affidavits.

¶ 10     "[T]he duty to adequately or properly present defendant's claims necessarily includes attempting to overcome procedural bars that will otherwise defeat his claims." (Internal quotation marks omitted.) *People v. Schlosser*, 2017 IL App (1st) 150355, ¶ 38. Defendant's counsel

provided unreasonable assistance by failing to make all amendments necessary to ensure that the petition adequately presented defendant's claims. See *People v. Guzman*, 2014 IL App (3d) 090464, ¶¶ 38-40, *aff'd*, 2015 IL 118749.

¶ 11    The State argues that, because Garcia did not state adequate grounds for withdrawing the guilty plea, Garcia has not overcome the presumption that counsel complied with Rule 651. The argument echoes the State's argument in *Edwards*, where Edwards, who pled guilty, argued that his trial counsel provided ineffective assistance by failing to file an appeal. The State argued that Edwards had not shown that he had adequate grounds for withdrawing the plea. Our supreme court found Edwards's postconviction petition sufficient to state the gist of a constitutional claim, providing grounds to advance the case to the second stage of postconviction proceedings, despite the absence of grounds for withdrawal of the plea. The *Edwards* court clarified that, at the second stage of postconviction proceedings, the defendant, with the assistance of counsel, must provide "some explanation of the grounds that could have been presented in the motion to withdraw the plea." *Edwards*, 197 Ill. 2d at 258. Counsel here failed to provide the explanation required.

¶ 12    If postconviction counsel determined that Garcia's petition lacked merit because he had no grounds for withdrawing the guilty plea, counsel should have sought leave to withdraw as counsel. See *People v. Shortridge*, 2012 IL App (4th) 100663, ¶ 15. Because counsel did not provide the assistance required by Rule 651, we reverse the order dismissing the postconviction petition and "remand for the appointment of new counsel to amend the petition as necessary and provide the proper verified affidavit[s]." *Guzman*, 2014 IL App (3d) 090464, ¶ 40.

¶ 13                                III. CONCLUSION

¶ 14    The trial court correctly dismissed the amended postconviction filed by Garcia's attorney because the attorney did not make the necessary amendments. The attorney also did not supplement the petition with the documents needed to overcome procedural hurdles for presentation of Garcia's claims. Because counsel did not provide the reasonable assistance required by Rule 651, we reverse and remand for further proceedings on the postconviction petition.

¶ 15    Reversed and remanded.

**No. 1-19-1820**

| | |
|---|---|
| **Cite as:** | *People v. Garcia*, 2021 IL App (1st) 191820 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 11-CR-22; the Hon. Ramon Ocasio III, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and S. Amanda Ingram, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Clare Wesolik Connolly, and Hareena Meghani-Wakely, Assistant State's Attorneys, of counsel), for the People. |