2022 IL App (1st) 200203-U

No. 1-20-0203

Order filed May 4, 2022

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 66 |
| | ) | |
| JOSE LUNA, | ) | Honorable |
| | ) | Joan M. O'Brien, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MCBRIDE delivered the judgment of the court.
Justices Ellis and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:    There was no merit to defendant's contention that postconviction counsel provided unreasonable assistance by failing to amend petition to state if (1) defendant asked plea counsel to appeal his convictions within 30 days of his guilty plea, (2) defendant wanted to withdraw his plea, and (3) any cognizable basis existed to withdraw the plea. Because counsel filed two Rule 651(c) certificates, we presume that counsel asked defendant these questions and received replies that negated any claim for relief; counsel had no duty to amend the petition to include counterproductive facts.

¶ 2      Defendant Jose Luna appeals from the dismissal, on the State's motion, of his *pro se* petition for relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)). On appeal, defendant contends that he was denied reasonable assistance by postconviction counsel's failure to amend the petition to state if defendant wished to withdraw his guilty plea, had a cognizable basis for withdrawal, or asked plea counsel to file an appeal within 30 days of the plea. We affirm.

¶ 3      Following a traffic stop on December 10, 2015, defendant was charged by indictment with driving with a revoked or suspended driver's license (625 ILCS 5/6-303(a), (d) (West 2014)). He then filed a motion to quash arrest and suppress evidence.

¶ 4      At the July 26, 2016, hearing on the motion, Chicago police officer Jeffrey Curia testified that on December 10, 2015, he observed defendant driving a powder-blue Oldsmobile. Curia previously arrested defendant for driving under the influence, and knew that defendant's driver's license was subject to a statutory summary suspension and that it was not "possible" that defendant had regained his license by that date. After curbing defendant's vehicle, Curia requested a driver's license and proof of insurance, and defendant replied, "You know I don't have a license." Curia then arrested defendant. During cross-examination, Curia's dash camera video was admitted and played for the court.[1]

¶ 5      Defendant testified that the windows of his vehicle, including the driver's side window, were "tinted dark" and could not be seen through. During cross-examination, he admitted that he drove on a suspended license and told Curia that his license was suspended.

---

[1] The dash camera video is not included in the record on appeal.

¶ 6    After argument, the trial court denied the motion to quash arrest and suppress evidence. That same day, the court held a conference pursuant to Supreme Court Rule 402 (eff. July 1, 2012), following which defendant entered a plea of guilty to driving on a revoked or suspended driver's license and was sentenced to two years in prison.

¶ 7    During the plea hearing, the court verified that defendant understood the charge and that his criminal background rendered him eligible for an extended-term sentence of up to six years in prison. The court also confirmed that defendant discussed the plea with counsel, and plea counsel represented that defendant understood its ramifications. The court accepted the plea and admonished defendant that if he wished to appeal, he must file a written motion to withdraw the plea within 30 days stating his reasons for withdrawal. Were the motion granted, the case would be set for trial; were it denied, defendant would have 30 days to appeal from that order. Defendant stated that he understood.

¶ 8    Defendant did not move to withdraw his guilty plea. On September 8, 2016, he filed a *pro se* notice of appeal alleging that he was denied effective assistance of counsel and that he "diligently attempted" to file a timely appeal. On December 15, 2016, defendant filed a *pro se* motion to file a late notice of appeal, which this court denied on January 11, 2017. See *People v. Luna*, No. 1-16-3240 (2017) (disposition order).

¶ 9    On November 1, 2017, defendant filed a *pro se* postconviction petition, alleging that he was subjected to an illegal search and seizure and arrested without probable cause when an officer testified that he recognized defendant, but defendant never met the officer. The petition further alleged that plea counsel was ineffective for failing to investigate the case and file an appeal "after being [so] advised by defendant." The petition did not allege that defendant wished to withdraw

his plea. Defendant included two affidavits wherein he attested to the truth of his petition but made no further assertions of fact. The circuit court docketed the petition and appointed postconviction counsel. Defendant was present in court when the case was continued several times.

¶ 10   On August 23, 2019, postconviction counsel filed a certificate pursuant to Supreme Court Rule 651(c) (eff. July 1, 2017), stating that he consulted with defendant in person and telephonically "on numerous occasions" to ascertain defendant's contentions of constitutional deprivation and reviewed the *pro se* petition, the trial court file, and transcripts. The certificate asserted that defendant's *pro se* filings adequately presented his claims, and there was nothing that could be added by an additional or supplemental petition. The report of proceedings indicates that defendant was present in court on this date, and that defendant did not object.

¶ 11   The State then filed a motion to dismiss. On October 25, 2019, postconviction counsel asked for a continuance in order to discuss the motion with defendant, who was present in court. Postconviction counsel thereafter filed a response and a second Rule 651(c) certificate. The second certificate stated that postconviction counsel consulted with defendant in person and telephonically on numerous occasions, reviewed the trial court files and transcripts, and viewed the December 10, 2015, dashcam video. The certificate concluded that defendant's *pro se* pleadings and documents adequately presented his constitutional claims and "there [was] nothing that can be added by an additional amended or supplemental petition."

¶ 12   On January 10, 2020, the circuit court heard argument on the motion to dismiss. The report of proceedings indicates that defendant was not present in court. Postconviction counsel argued, relevant here, that defendant made "some effort" to file a direct appeal and that, at this stage of proceedings under the Act, the court had to take as true defendant's allegation that he was denied

effective assistance by plea counsel's failure to investigate whether the arresting officer recognized defendant and had probable cause to arrest. The court granted the State's motion to dismiss.

¶ 13    On appeal, defendant contends that he was denied the reasonable assistance of postconviction counsel because counsel did not amend the *pro se* petition to state if defendant wanted to withdraw the guilty plea, had any cognizable bases for withdrawal, or asked plea counsel to file an appeal within 30 days of the plea. Defendant argues that postconviction counsel's failure to shape his *pro se* claims into the "appropriate legal form" violated Rule 651(c) and warrants remand for further proceedings under the Act.

¶ 14    The Act provides a three-stage process for adjudicating petitions. *People v. Lesley*, 2018 IL 122100, ¶ 31. At the first stage, the circuit court may dismiss a petition if it determines, within 90 days, that the petition is frivolous or patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). If not dismissed at the first stage, the petition advances to the second stage. *Id.*

¶ 15    At the second stage, counsel may be appointed for the petitioner, and the State is allowed to file a motion to dismiss or an answer. *Id.* at 10-11. To survive dismissal at the second stage, a petition and any accompanying documentation must make a substantial showing of a constitutional violation. *People v. Bailey*, 2017 IL 121450, ¶ 18. The defendant's claims must be liberally construed in light of the trial record, and all factual allegations not positively rebutted by the record are accepted as true. *People v. Hall*, 217 Ill. 2d 324, 334 (2005). "The question raised in an appeal from an order dismissing a postconviction petition at the second stage is whether the allegations in the petition, liberally construed in favor of the petitioner and taken as true, are sufficient to invoke relief under the Act." *People v. Sanders*, 2016 IL 118123, ¶ 31. The circuit court dismissed

defendant's petition at the second stage. We review the dismissal of a postconviction petition without an evidentiary hearing *de novo*. *Id.*

¶ 16    Here, defendant does not challenge the dismissal of his petition on the merits; rather, he only challenges the assistance he received from postconviction counsel.

¶ 17    Pursuant to the Act, if a petition advances to the second stage, an indigent defendant is appointed counsel, who must learn the basis of the defendant's claims, shape them into an appropriate legal form, and present them to the court. *Lesley*, 2018 IL 122100, ¶¶ 31, 33; see also *People v. Johnson*, 154 Ill. 2d 227, 237-38 (1993) (the Act "contemplates that the attorney appointed to represent an indigent petitioner will ascertain the basis of [his] complaints, shape those complaints into appropriate legal form and present [them] to the court"). There is no constitutional right to postconviction counsel; rather, the right to postconviction counsel arises from the Act itself and a defendant is only entitled to "reasonable assistance." *People v. Perkins*, 229 Ill. 2d 34, 42 (2007).

¶ 18    "To assure the reasonable assistance required by the Act, Supreme Court Rule 651(c) imposes specific duties on postconviction counsel." *Id.* Rule 651(c) states, in pertinent part, that counsel may show compliance with the rule by filing a certificate attesting that counsel:

> "has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 19   Pursuant to the rule, "necessary" amendments include "routine" amendments that avoid specific bases for dismissal such as alleging ineffective assistance of appellate counsel for failure to raise a claim on direct appeal. See *People v. Turner*, 187 Ill. 2d 406, 412-14 (1999) ("[c]ounsel's failure to amend the post-conviction petition to allege ineffective assistance of appellate counsel prevented the circuit court from considering the merits" of the petition). However, there is no requirement that postconviction counsel "advance frivolous or spurious claims." *People v. Greer*, 212 Ill. 2d 192, 205 (2004). "If amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule." *Id.*

¶ 20   Substantial compliance with Rule 651(c) is sufficient. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Postconviction counsel's filing of a Rule 651(c) certificate attesting that counsel has complied with the rule creates a rebuttable presumption that counsel has done so. *People v. Gallano*, 2019 IL App (1st) 160570, ¶ 26. "Where postconviction counsel files a Rule 651(c) certificate creating a presumption of compliance, it is the defendant's burden to overcome the presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by the rule." *Id.* We review compliance with a supreme court rule *de novo*. *Id.*

¶ 21   In the case at bar, postconviction counsel filed a certificate pursuant to Rule 651(c) stating that he consulted with defendant in person and telephonically "numerous" times to ascertain defendant's contentions of constitutional deprivation and reviewed the *pro se* petition, the trial court file, and transcripts, and there was no need to amend the *pro se* petition as it adequately presented defendant's claims. Defendant was in court on the date that counsel filed the certificate. Thereafter, postconviction counsel filed a response to the State's motion to dismiss and a second

Rule 651(c) certificate. Thus, counsel has created a rebuttable presumption of compliance with the rule.

¶ 22    Defendant, however, contends that the presumption of reasonable assistance was rebutted because postconviction counsel did not "shape" his claim that he desired to pursue a direct appeal into the appropriate legal form by amending the petition to include whether defendant wanted to withdraw his plea, had any cognizable bases for withdrawal, or instructed plea counsel to file an appeal within 30 days of the plea. He concludes that "regardless of the underlying merit" of his claims, the cause must be remanded for compliance with the rule.

¶ 23    The State responds that defendant's arguments are speculative when nothing in the record indicates that he wanted to withdraw his plea and that postconviction counsel cannot be faulted for not raising the argument if defendant did not actually ask plea counsel to withdraw the plea or assert a basis for withdrawal.

¶ 24    For the reasons that follow, we conclude that the record does not exclude the possibility that the amendments that defendant argues are "necessary" would have been counterproductive to his claims, and therefore, not necessary within the meaning of Rule 651(c).

¶ 25    Initially, we agree with the State that the need for amendments was speculative, in that defendant cannot establish that the amendments would have supported his claims. Although we also agree with defendant that he is not required to establish the underlying merits of his petition, in order to warrant remand, defendant must show that postconviction counsel failed to perform the duties required by Rule 651(c). While the rule requires postconviction counsel to make necessary amendments, counsel is not required to make amendments that undermine a claim or clarify a fatally flawed claim.

¶ 26    In *People v. Edwards*, 197 Ill. 2d 239, 253-54 (2001), our supreme court determined that in order to avoid dismissal at the first stage of proceedings under the Act, a petition alleging that plea counsel failed to perfect a direct appeal generally only needs to state that the defendant requested an appeal and counsel ignored that request. "[A] *pro se* defendant, even if he pled guilty, cannot be required to demonstrate how his appeal would have been successful in order to establish that he was prejudiced by his attorney's failure to pursue a requested appeal." (Emphasis omitted.) *Id.* at 253. Rather, to make a showing of a constitutional violation due to counsel's failure to perfect an appeal at the first stage, the defendant must "demonstrate a reasonable probability that, 'but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.' " *Id.* at 252 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). In those cases where the record contains nothing to show that defense counsel reviewed the plea proceedings for error or consulted with defendant regarding grounds for an appeal before deciding not to file a motion to withdraw the guilty plea, a reviewing court must take the defendant's allegation that his attorney ignored his request for an appeal "as true" when determining whether the petition is frivolous. *Edwards*, 197 Ill. 2d at 253-54.

¶ 27    However, the *Edwards* court noted that it was only determining that the circuit court erred in summarily dismissing the defendant's petition at the first stage of proceedings under the Act, not that he was entitled to an evidentiary hearing on that claim. *Id.* at 257. "To merit an evidentiary hearing on his claim that he told his trial counsel to file a motion to withdraw his guilty plea and that counsel was constitutionally ineffective for failing to do so, defendant will have to make a substantial showing to that effect." *Id.* at 257-58. In other words, although the petition only stated that the defendant asked counsel to file an appeal, the court recognized that due to the requirements

of Supreme Court Rule 604(d) (eff. Aug. 1, 1992), postconviction counsel would have to shape the claim into one that plea counsel failed to file a motion to withdraw the plea. *Id.* at 241-42, 257-58.

¶ 28     Here, defendant challenges postconviction counsel's failure amend the petition to include a claim that defendant wanted to withdraw his guilty plea and the basis for that withdrawal.  The fatal flaw in this argument is that he cannot differentiate between the postconviction counsel's alleged unreasonable assistance and the potential weakness in his claim.

¶ 29     In the present case, based upon postconviction counsel's two Rule 651(c) certificates, a presumption exists that counsel spoke to defendant in person and by telephone numerous times, reviewed the trial court files, transcripts, and the dash camera video, as well as defendant's postconviction filing, and there was "nothing that can be added by an additional amended or supplemental petition." Based upon counsel's filings, we presume he asked defendant if defendant told plea counsel that he wished to withdraw his plea and the reasons for withdrawal, and if defendant instructed plea counsel to file an appeal within 30 days. Moreover, based upon counsel's filing of two Rule 651(c) certificates and counsel's decision not to file a supplemental petition,  we presume that the answers counsel received from defendant were not helpful to defendant's claims or else they would have been incorporated into a supplemental petition. Defendant's argument, taken at face value, apparently is that counsel should have amended the petition to include those negative facts. However, to amend the petition in that manner would not have been consistent with shaping defendant's complaints into appropriate legal form (*Johnson*, 154 Ill. 2d at 238). Postconviction counsel does not have a duty to make amendments that torpedo defendant's claim.

¶ 30    We further conclude that postconviction counsel was not required, under the Act and *Turner*, to make a routine amendment to prevent a procedural bar. Here, the flaw in defendant's claim is not procedural, but substantive. As a condition precedent for a direct appeal, defendant was obliged to file a motion to withdraw his plea in the trial court See *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003). Whether defendant wanted to withdraw his plea and whether cognizable grounds existed for the withdrawal are part of the substance of an *Edwards*-type claim (*Edwards*, 197 Ill. 2d at 257-58). *Turner* is thus distinguishable.

¶ 31    We are unpersuaded by defendant's reliance on *People v. Garcia*, 2021 IL App (1st) 191820, and *People v. Suarez*, 224 Ill. 2d 37 (2007).

¶ 32    In *Garcia*, the defendant entered a plea of guilty to armed robbery and aggravated discharge of a firearm, and was sentenced to concurrent sentences of 30 years and 15 years. *Garcia*, 2021 IL App (1st) 191820, ¶ 4. The defendant thereafter filed a *pro se* postconviction petition, and postconviction counsel was appointed. *Id.* ¶ 5. Postconviction counsel filed an "amended postconviction petition" and Rule 651(c) certificate asserting that counsel spoke to the defendant, examined the trial transcript and *pro se* petition, and that the "supplemental petition" adequately presented the defendant's claims. *Id.* The amended petition alleged that defendant was denied effective assistance when plea counsel incorrectly advised him that in addition to good time credit, he would receive credit for each day he spent in a school program, and also that plea counsel failed to comply with the defendant's request to file a notice of appeal. *Id.* The defendant averred that if he had known he would not receive school credit, he would not have entered a guilty plea. *Id.* The circuit court granted the State's motion to dismiss.

¶ 33    On appeal, this court found that the defendant was denied reasonable assistance of postconviction counsel because counsel failed to explain the grounds for withdrawing the guilty plea. *Id.* ¶ 11. In other words, to state a claim that plea counsel was ineffective for failing to file an appeal, the defendant "needed" to state the grounds for the withdrawal of his guilty plea, which included postconviction counsel amending the petition to include those grounds and attaching the necessary supporting affidavits. *Id.* ¶ 9 (citing *Edwards*, 197 Ill. 2d at 257-28). This court concluded that because postconviction counsel did not make such amendments, counsel did not provide the reasonable assistance required by Rule 651(c), and remanded the cause for further proceedings. *Id.* ¶¶ 11-14.

¶ 34    We find this instant case distinguishable from *Garcia* on the facts. Initially, unlike *Garcia*, defendant did not state in his petition that his guilty plea was unknowing. Moreover, the record reveals that postconviction counsel repeatedly consulted with defendant regarding his claims and that defendant was present when postconviction counsel informed the court that defendant's *pro se* filings adequately presented his claims. Postconviction counsel discussed the State's motion to dismiss with defendant, and thereafter filed a second Rule 651(c) certificate representing that "nothing *** can be added by an additional amended or supplemental petition." Thus, the facts in this case establish that although postconviction counsel did not amend the *pro se* petition, counsel repeatedly consulted with defendant regarding the issues therein. See *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 27 ("A court may reasonably presume postconviction counsel made a concerted effort to obtain evidence in support of postconviction claims, but was unsuccessful.").

¶ 35    In *Suarez*, postconviction counsel amended the defendant's *pro se* petition by expanding on one claim and adding a new claim. *Suarez*, 224 Ill. 2d at 41, 43-44. However, counsel did not

file a certificate pursuant to Rule 651(c). *Id.* at 41. The defendant therefore argued the record did not demonstrate that postconviction counsel consulted with him in order to ascertain his constitutional claims. *Id.* at 43.

¶ 36    Our supreme court rejected the argument that compliance was shown by the mere fact that counsel filed an amended petition. *Id.* at 43-44. The court then examined whether postconviction counsel's failure to comply with Rule 651(c) constituted harmless error. In that context, the court stated, "remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit." *Id.* at 47.

¶ 37    *Suarez* does not stand for the proposition that every petition requires an amendment. Rather, it held that postconviction counsel must consult with a defendant either by mail or in person, ascertain his or her alleged grievances, examine the record of proceedings at the trial, and amend the petition where necessary. *Id*. at 46.

¶ 38    In the case at bar, postconviction counsel's two Rule 651(c) certificates asserted that he consulted with defendant in person and by telephone and examined the trial record, transcripts, and dash camera video, and that defendant's *pro se* pleadings adequately presented defendant's alleged constitutional deprivations. Moreover, defendant was in court when postconviction counsel filed the first Rule 651(c) certificate and told the court that he would not be amending defendant's *pro se* filing. In the second Rule 651(c) certificate, postconviction counsel specifically asserted that "nothing" could be added by an additional amended or supplemental petition, and stood on defendant's *pro se* filing. Although defendant argues that counsel was obligated to amend the petition because counsel argued in favor of defendant's petition, "postconviction counsel has

the option of standing on the allegations in the *pro se* petition" or withdrawing as counsel. See *People v. Malone*, 2017 IL App (3d) 140165, ¶ 10.

¶ 39 Here, the record reflects that postconviction counsel repeatedly consulted with defendant regarding his claims, and repeatedly represented to the circuit court that defendant's *pro se* filing adequately presented his claims. Under the circumstances of this case, we reject defendant's assertion that postconviction counsel's failure to amend the *pro se* petition to include facts clarifying whether defendant asked plea counsel to file a motion to withdraw the guilty plea and to file an appeal within 30 days reflected unreasonable assistance rather than an inability to provide facts to support defendant's claims. Accordingly, defendant has not overcome the presumption of compliance with Rule 651(c) created by the filing of two Rule 651(c) certificates, and we affirm the circuit court's dismissal of defendant's postconviction petition.

¶ 40 Accordingly, the judgment of the circuit court of Cook County is affirmed.

¶ 41 Affirmed.