2023 IL App (1st) 211643-U

FIRST DISTRICT,
FIRST DIVISION
March 13, 2023

No. 1-21-1643

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01 CR 0986401 |
| CHARLES WASHINGTON, | ) ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | James Michael Obbish, Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Lavin concurred in the judgment.
Justice Pucinski dissented.

**ORDER**

¶ 1    *Held*:  Circuit court's second-stage dismissal of defendant's postconviction petition is affirmed where defendant failed to rebut the presumption that postconviction counsel provided reasonable assistance under Supreme Court Rule 651(c).

¶ 2    On April 21, 2006, pursuant to a fully negotiated guilty plea, defendant Charles Washington was convicted of first degree murder based on a forcible felony of aggravated kidnapping and was sentenced to 30 years' imprisonment. Defendant did not file a motion to withdraw guilty plea or a direct appeal. On March 1, 2012, defendant filed a *pro se* petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*.

(West 2012)). Defendant argued, *inter alia*, that his guilty plea was involuntary because the trial court and plea counsel did not inform him that there was a moratorium on executions at the time of his plea. He also argued that plea counsel was ineffective for failing to file a motion to "Reduce Charge and Sentence" and "post-guilty plea motions" to preserve his right to challenge his plea on appeal. The circuit court dismissed his petition as frivolous and patently without merit. On appeal, we reversed and remanded, finding that defendant stated an arguable claim that plea counsel was ineffective for failing to preserve his right to challenge his plea on appeal. *People v. Washington*, 2014 IL App (1st) 121295-U, ¶¶ 11, 13.

¶ 3        On remand, appointed postconviction counsel filed a Rule 651(c) certificate but did not amend defendant's *pro se* petition. The State moved to dismiss defendant's petition. The circuit court dismissed defendant's petition at the second stage, finding that it was untimely, failed to comply with the pleading requirements of the Act, and that the substantive claims lacked merit.

¶ 4        On appeal, defendant argues that he received unreasonable assistance of postconviction counsel because counsel failed to amend his *pro se* postconviction petition into proper legal form with supporting affidavits. For the following reasons, we affirm.

¶ 5                                   BACKGROUND

¶ 6        Defendant was charged with first degree murder, home invasion, aggravated kidnapping, criminal drug conspiracy, and aggravated unlawful restraint. The State gave notice of intent to seek the death penalty. On April 21, 2006, the parties participated in a conference pursuant to Supreme Court Rule 402 (eff. July 1, 1997). Following the conference, defendant entered a fully negotiated guilty plea to one count of first degree murder based on the forcible felony of aggravated kidnapping. The State dismissed the remaining counts and removed the possibility of the death penalty.

¶ 7        During the negotiated plea hearing, the trial court informed defendant that he faced a sentence from 20 to 60 years' imprisonment and that his sentence would be served consecutively to his 30 year sentence in an unrelated case. Defendant indicated that he understood the rights he was giving up by pleading guilty. The parties stipulated to the factual basis for the plea, which established that defendant participated in the 2001 kidnapping and murder of Wardella Winchester. The court found defendant's plea to be knowing and voluntary and sentenced him to the agreed term of 30 years' imprisonment. The trial court informed defendant that in order to appeal, he would have to file a motion to withdraw his guilty plea within the next 30 days. Defendant did not file a motion to withdraw guilty plea or a direct appeal.

¶ 8        On March 1, 2012, defendant filed a *pro se* petition for postconviction relief supported by his own verified statement and a transcript of the plea hearing.[1] Defendant argued, *inter alia*, that his "guilty plea [was] unknowing, involuntary, unintelligently, made under duress" because the trial court "never informed [him] that there was a moratorium placed on the death penalty." He claimed that "he surely would not have plea [*sic*] guilty being afforded the correct information, but do [*sic*] only to the misinformation given by trial attorney and that the death penalty would be imposed if he did not plea guilty." Defendant acknowledged that his petition was untimely but argued that he "only became aware of the [moratorium] on the death penalty after it had been made unconstitutional."

¶ 9        Defendant also alleged that plea counsel was ineffective for failing to file a "Motion to Reduce Charge and Sentence of Murder, to lesser charge of kidnapping *** as requested by defendant" and failing to "notify the [trial] court at pleadings of mitigation evidence, by motion

---

[1] Defendant also attached an affidavit of one of his codefendants, Brandon Cordell, however, Cordell's assertions concerned another codefendant and were not relevant to defendant's claims.

or orally in open court that defendant wishes to file reconsideration motion." Under the heading "Ineffective Assistance of Trial Counsel Failing to Preservation of Issues for Appeal," defendant asserted that "[u]pon appeal any issues not raised by the defendant in the motion to reconseder [*sic*] the sentence or withdraw the guilty plea and vacate the judgment shall be deemed waived." And that "the effect of counsel not filing post-trial guilty plea motions caused defendant a severe due process violation toward appeal."

¶ 10        On March 23, 2012, the circuit court dismissed defendant's petition as frivolous and patently without merit, finding that the trial court had no duty to inform defendant of the moratorium on executions. Defendant failed to provide any facts or documentation showing that trial counsel was ineffective for failing to file any "post-trial motions."

¶ 11        On appeal, we held that while "inartfully drawn," defendant's petition had an arguable basis in fact and law. *Washington*, 2014 IL App (1st) 121295-U, ¶¶ 10-11. Liberally construing the petition, we found that defendant asserted that he "sought to attack his plea on several grounds" and "requested that his trial counsel file motions relating to those claims to enable him to appeal on those grounds; but counsel's 'failure to file requested motions violated' his due process rights." *Id.* ¶ 10. While defendant never used the term "motion to withdraw guilty plea," "his allegation that he requested counsel to prepare motions to preserve his grounds for appeal" was not "fantastic or delusional." *Id.* Therefore, defendant's petition "contained an arguable basis in law, namely, that [he] was afforded ineffective representation by his counsel who failed to preserve [his] right to challenge his guilty plea on appeal." *Id.* ¶ 11. We reversed the dismissal of defendant's petition and remanded for second-stage proceedings. *Id.* ¶ 13.

¶ 12          Postconviction counsel was appointed on remand.[2] On November 12, 2020, counsel filed a certificate pursuant to Supreme Court Rule 651(c) (eff. July 1, 2017), certifying that she consulted with defendant "in person, by mail, by phone or by electronic means" to ascertain his contentions; "examined the report of proceedings at trial, appellate materials, and court files and [had] conducted interviews necessary to investigate Defendant/Petitioner's contentions"; and "made any amendments to the motion necessary for the adequate presentation of Defendant/Petitioner's contentions and defects in same."

¶ 13          On April 15, 2021, the State filed a motion to dismiss defendant's petition, asserting that it was untimely and defendant failed to show that the delay was not due to his culpable negligence. The State also asserted that defendant's verification affidavit was not notarized, and the petition was not supported by any affidavits, records, or other evidence as required by sections 122-1(b) and 122-2 of the Act. Further, defendant was correctly informed that the maximum possible sentence was the death penalty, and he did not allege that he asked plea counsel to file a motion to withdraw his plea or the basis for the motion.

¶ 14          Postconviction counsel "asked [defendant] for some information" and sent him a copy of the State's motion, and "asked him if he wished to file any affidavits," but she did not receive a response. She asked the court to continue the case so she could meet with defendant in person. On August 11, 2021, postconviction counsel sought leave to "amend" defendant's *pro se* petition. Counsel explained that she met with defendant in person after he did not respond to her multiple letters. Defendant "didn't think it was necessary to notarize anything" but he eventually agreed to have his signature notarized. Counsel indicated that she had "nothing substantive to

_____

[2] Marsha Watt was initially appointed as defendant's postconviction counsel. On November 28, 2018, defendant's case was reassigned to Camille Calabrese.

add" to the petition. On August 17, 2021, defendant filed an "amended" *pro se* postconviction petition. The amendments include a notarized signature added to defendant's verification affidavit at the beginning of his petition and a notarized affidavit at the end of his petition, stating, "I hereby declare all statements are true and correct."

¶ 15    Oral arguments were held on the State's motion. The State raised the same arguments as in its motion, but also claimed that the "new amended verification" is still insufficient because it cites section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), which is "patently wrong." Postconviction counsel responded that she wrote to defendant "extensively," had "many conversations" with him, and had to go to the prison to "persuade" him to "sign any kind of affidavit because he felt his pro se petition was sufficient." Counsel explained that she went to the prison to have defendant "sign a blanket affidavit and attach it so it would cover any errors with respect to [him] not citing the exact clause under which he was filing his notarized signature."

¶ 16    Counsel argued that while the death penalty was in effect at the time of his plea, defendant claims that "he was psychiatrically coerced into making a plea that perhaps he would not have made had he understood better what the term moratorium meant" and "perhaps an evidentiary hearing would be merited to explore what he meant when he used the term coercive use and the unconstitutional use of the death penalty to induce him to a plea."

¶ 17    On November 23, 2021, the circuit court granted the State's motion to dismiss. The court found that defendant's petition was untimely, and he failed to show that the late filing was not due to his culpable negligence. Moreover, defendant's petition failed to comply with the pleading requirements of the Act because his "verification affidavit offered as an information

affidavit for all of the facts alleged within the petition" is not a substitute for the information affidavit requirement of section 122-2 of the Act.

¶ 18    The circuit court also rejected the merits of defendant's claims. The court found that both the trial court and plea counsel correctly advised defendant that the maximum possible sentence he faced was the death penalty—"the State still sought death penalty sentences and defendants still received the death penalty." The moratorium was imposed at the discretion of the governor and could have been lifted by a subsequent governor. Therefore, agreeing with defendant's position would require a defendant entering a plea to "be made aware of all possible, future legislation, executive action, and court decisions." Defendant also "fail[ed] to establish that he asked his counsel to file a motion to withdraw his plea or what even would be the grounds of a motion to withdraw."

¶ 19                                   ANALYSIS

¶ 20    Defendant does not challenge the dismissal of his postconviction petition on the merits. Rather, he argues that he received unreasonable assistance of postconviction counsel where she did not amend his *pro se* petition into proper legal form and did not attach supporting affidavits.

¶ 21                                   Timeliness

¶ 22    A postconviction petition must be filed no later than three years from the date of conviction if the defendant does not file an appeal, unless he alleges facts showing that the delay was not due to his culpable negligence. 725 ILCS 5/122-1(c) (West 2020). The State argues that we should affirm the dismissal of defendant's petition because it is untimely, regardless of any allegations of unreasonable assistance of postconviction counsel.

¶ 23    However, in *People v. Lander*, 215 Ill. 2d 577, 585 (2005), our supreme court held that "the untimeliness of defendant's petition [does] not excuse postconviction counsel from fulfilling

their duties under Rule 651(c)." The court explained that because untimeliness is an affirmative defense that can be raised, waived, or forfeited by the State, "a dutiful prosecutor may waive this defense *** if an untimely petition demonstrates the defendant suffered a deprivation of constitutional magnitude." *Id.* at 584 (relying on *People v. Boclair*, 202 Ill. 2d 89, 101-102 (2002)). "Therefore, to assure the reasonable assistance of counsel mandated by the Act, postconviction counsel must comply with Rule 651(c) and submit defendant's substantive claims to the State to give the prosecutor an opportunity to determine whether they are sufficient to merit the State's waiver of the affirmative defense of untimeliness." *Id.* at 585. Because postconviction counsel must fully comply with Rule 651(c) despite the untimeliness of a petition, we will consider defendant's argument that he received unreasonable assistance of postconviction counsel.

¶ 24                     Unreasonable Assistance of Postconviction Counsel

¶ 25        The Act provides a three-stage procedure for a defendant alleging substantial deprivations of his constitutional rights. *People v. Allen*, 2015 IL 113135, ¶¶ 20-21. At the first stage, the circuit court must, within 90 days, independently review the petition and determine whether the allegations are "frivolous" or "patently without merit." 725 ILCS 5/122-2.1 (a)(2) (West 2020). If a petition advances to the second stage, the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001).

¶ 26        When a petition advances to the second stage, the court may appoint counsel to an indigent defendant. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). The defendant is entitled to a "reasonable" level of assistance from postconviction counsel. *Id.* Because appointment of counsel in postconviction proceedings is a matter of "legislative grace," this "reasonable" level

of assistance is "significantly lower than the one mandated at trial by our state and federal constitutions." *People v. Custer*, 2019 IL 123339, ¶ 30.

¶ 27      To ensure this level of assistance is met, Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) imposes three duties on postconviction counsel. Counsel must (1) consult with petitioner (by mail, phone, electronic means, or in person) to ascertain his contentions of deprivations of constitutional rights; (2) examine the record of the trial proceedings; and (3) make any amendments to the *pro se* petition "necessary for an adequate presentation of [defendant's] contentions." Ill. S. Ct. R. 651(c); *Perkins*, 229 Ill. 2d at 42. However, postconviction counsel "is not required to amend a defendant's *pro se* postconviction petition." *People v. Malone*, 2017 IL App (3d) 140165, ¶ 10. "If amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule." *People v. Greer*, 212 Ill. 2d 192, 205 (2004). The purpose of Rule 651(c) is to "ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court." *Perkins*, 229 Ill. 2d at 43-44.

¶ 28      The filing of a Rule 651(c) certificate creates a rebuttable presumption that postconviction counsel's assistance was reasonable. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. "A defendant has the burden of overcoming that presumption by demonstrating that counsel failed to substantially comply with the duties set out in Rule 651(c)." *People v. Rivera*, 2016 IL App (1st) 132573, ¶ 36. We review *de novo* both the dismissal of a postconviction petition at the second stage and whether counsel complied with Rule 651(c). *Profit*, 2012 IL App (1st) 101307, ¶ 17 (citing *People v. Jones*, 2011 IL App (1st) 092529, ¶ 19).

¶ 29      Defendant does not challenge postconviction counsel's compliance with the first two requirements of Rule 651(c); he argues that counsel failed to amend his *pro se* petition as "necessary for an adequate presentation of [his] contentions." Ill. S. Ct. R. 651(c).

¶ 30                    *Failure to Amend Petition with Supporting Affidavits*

¶ 31      Defendant asserts that postconviction counsel should have amended his petition with his own affidavit alleging facts supporting his claims. Section 122-2 of the Act requires that the claims raised in a postconviction petition be supported by "affidavits, records, or other evidence." 725 ILCS 5/122-2 (West 2020).

¶ 32      "In the ordinary case, a trial court ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so." *People v. Johnson*, 154 Ill. 2d 227, 241 (1993). The record in this case supports this presumption where counsel consulted with defendant multiple times, met with him to discuss the State's motion to dismiss, and indicated that she had "nothing substantive to add" to the petition. "A mere failure to amend the *pro se* petition is not enough to establish inadequacy of representation in the absence of showing that the petition could have been successfully amended." *People v. Johnson*, 232 Ill. App. 3d 674, 678 (1992).

¶ 33      Contrary to defendant's assertion, we do not find that postconviction counsel's statement regarding a "blanket affidavit" shows that she "misunderstood the law." In fact, counsel fulfilled her duties by ensuring that defendant's verification affidavit was notarized. See 725 ILCS 5/122-1(b) (West 2020) (a postconviction petition must be "verified by affidavit"); see also *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 19 (failure to provide notarized verification affidavit under section 122-1(b) of the Act constituted unreasonable assistance of postconviction counsel).

Counsel indicated that she thought the affidavit would "cover any errors with respect to [defendant] not citing the exact clause under which he was filing his notarized signature" because the State argued that defendant's verification improperly cited section 1-109 of the Code of Civil Procedure. Defendant has failed to rebut the presumption that counsel made a "concerted effort" to obtain affidavits in support of his petition. Compare *Johnson*, 154 Ill. 2d at 241 (presumption of reasonable assistance was "flatly contradicted by the record" where counsel admitted he made no effort to obtain affidavits) with *People v. Kirk*, 2012 IL App (1st) 101606, ¶ 25 ("nothing in the record establishes or suggests that counsel did not make an effort to obtain affidavits").

¶ 34                    *Failure to Shape Defendant's Claims into Proper Legal Form*

¶ 35        Defendant argues that postconviction counsel failed to amend two of his claims into "proper legal form." These claims are that plea counsel was ineffective in (1) failing "to file a motion to withdraw the plea and/or preserve his right to challenge his plea on appeal" and (2) failing to inform him of the moratorium on executions.

¶ 36        Defendant assumes that counsel would have been able to amend his petition to allege that he asked counsel to file a motion to withdraw guilty plea and the grounds for such a motion. We declined to make such an assumption under similar circumstances in *People v. Luna*, 2022 IL App (1st) 200203-U (cited as persuasive authority under Rule 23(e)(1) (eff. Feb. 1, 2023)). In *Luna*, defendant entered a guilty plea and did not move to withdraw his plea at any time. *Id.* ¶¶ 7-8. Defendant filed a *pro se* postconviction petition, alleging that counsel was ineffective for failing to investigate the case and file an appeal " 'after being [so] advised by defendant.' " *Id.* ¶ 9. He did not allege that he wished to withdraw his guilty plea. *Id.* Defendant filed two affidavits

attesting to the truth of the petition "but made no further assertions of fact." *Id.* The circuit court docketed the petition and appointed postconviction counsel. *Id.*

¶ 37    Postconviction counsel did not file an amended petition, but filed two Rule 651(c) certificates indicating that he consulted with defendant, reviewed the record, and concluded that defendant's *pro se* filings "adequately presented his claims, and there was nothing that could be added by an additional or supplemental petition." *Id.* ¶¶ 10-11. The circuit court dismissed the petition. *Id.* ¶ 12. On appeal, we rejected defendant's argument that postconviction counsel was unreasonable because he "did not amend the *pro se* petition to state if defendant wanted to withdraw the guilty plea [and] had any cognizable bases for withdrawal ***." *Id.* ¶ 13. We found that "the need for amendments was speculative, in that defendant cannot establish that the amendments would have supported his claims," especially where "counsel repeatedly consulted with defendant regarding his claims *** and informed the court that defendant's *pro se* filings adequately presented his claims." *Id.* ¶ 25.

¶ 38    Likewise, here, postconviction counsel filed a 651(c) certificate and stated on the record that she wrote defendant "extensively" and had "many conversations" with him. Counsel sent defendant a copy of the State's motion to dismiss and "asked him if he wished to file any affidavits." After not hearing from defendant, she met with him in person to discuss the State's motion and indicated that she had "nothing substantive to add." Based on counsel's Rule 651(c) certificate and her statements on the record, "we presume that the answers counsel received from defendant were not helpful to defendant's claims or else they would have been incorporated into a supplemental petition." *Id.* ¶ 30.

¶ 39    On appeal from the first-stage dismissal of defendant's petition, we liberally construed his petition to find that he stated an arguable claim that plea counsel was ineffective for failing to

preserve his right to challenge his guilty plea on appeal. *Washington*, 2014 IL App (1st) 121295-U, ¶¶ 10-11. However, at the second stage, defendant is required to show the grounds on which he could have moved to withdraw his plea (*Edwards*, 197 Ill. 2d at 258) and a "reasonable probability the motion would be granted on those grounds." (*People v. Beasley*, 2017 IL App (4th) 150291, ¶ 30). Without showing what available information counsel could have included in an amended petition to meet this higher standard, defendant has not rebutted the presumption that postconviction counsel's assistance was reasonable.

¶ 40    *People v. Garcia*, 2021 IL App (1st) 191820, is distinguishable. There, postconviction counsel's amended petition asserted that plea counsel was ineffective for failing to comply with defendant's request to file a notice of appeal. *Id.* ¶ 5. We found that postconviction counsel was unreasonable for failing to amend the petition to include " 'some explanation of the grounds that could have been presented in the motion to withdraw the plea.' " *Id.* ¶ 11 (quoting *Edwards*, 197 Ill. 2d at 258). Here, postconviction counsel did not insufficiently advance a claim on defendant's behalf. Instead, she stood on the *pro se* petition, which is permitted. See *People v. Pace*, 386 Ill. App. 3d 1056, 1062 (2008) (counsel can stand on the *pro se* petition or move to withdraw if counsel "investigates the claims but finds them without merit"); *Malone*, 2017 IL App (3d) 140165, ¶ 12 (whether counsel "stood on the *pro se* petition or withdrew as counsel is a distinction without a difference"); *People v. Dixon*, 2018 IL App (3d) 150630, ¶ 22 ("If counsel had found all the claims in the petition to be frivolous, the appropriate procedure would have been to stand on the *pro se* petition or seek to withdraw as counsel").

¶ 41    Defendant further asserts that postconviction counsel acted unreasonably in "failing to state [his] claim into proper legal form by alleging ineffective assistance of plea counsel for failing to adequately explain the moratorium."

¶ 42      Rule 651(c) "does not require postconviction counsel to amend a petition to advance frivolous or spurious claims on a defendant's behalf." *People v. Gallano*, 2019 IL App (1st) 160570, ¶ 30 (citing *Greer*, 212 Ill. 2d at 205). "If amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule." *Greer*, 212 Ill. 2d at 205. Therefore, "the question of whether the *pro se* allegations had merit is crucial to determining whether counsel acted unreasonably by not filing an amended petition." *Profit*, 2012 IL App (1st) 101307, ¶ 23.

¶ 43      To establish ineffective assistance of counsel, defendant must show that counsel's performance was deficient and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this context, "[a]n attorney's conduct is deficient if the attorney failed to ensure that the defendant's guilty plea was entered voluntarily and intelligently." *People v. Hall*, 217 Ill. 2d 324, 335 (2005). To establish prejudice, defendant must show that "absent counsel's errors, the defendant would have pleaded not guilty and insisted on going to trial." *Id.*

¶ 44      "A criminal defendant has the constitutional right to be *reasonably* informed with respect to the direct consequences of accepting or rejecting a plea offer." (Emphasis in original.) *People v. Curry*, 178 Ill. 2d 509, 528 (1997), *abrogated on other grounds by People v. Hale*, 2013 IL 113140, ¶ 20. Counsel "has the obligation to inform his or her client about the maximum and minimum sentences that can be imposed for the offenses which the defendant is charged." *Id.* The record shows that defendant was informed of the minimum and maximum possible sentences, including the death penalty. As the circuit court aptly noted, defendant could have still received the death penalty and the moratorium could have been lifted at any time. Because defendant was "reasonably informed with respect to the direct consequences of accepting" the plea (see *id.* at 528), he cannot show that plea counsel's conduct was deficient. Postconviction

counsel had no duty to amend the *pro se* petition to advance this meritless claim. See, *e.g.*, *Gallano*, 2019 IL App (1st) 160570, ¶ 31 ("counsel did not provide unreasonable assistance when she did not support this meritless claim" with a notarized affidavit).

¶ 45 Finally, we disagree with defendant's assertion that postconviction counsel's statement that "perhaps an evidentiary hearing would be merited" to "more fully explore [defendant's claims" shows that she "erroneously thought there would be an opportunity, at an evidentiary hearing, to support [his] claims and therefore, did not make an effort to support them at the second stage." The record shows that counsel fulfilled her duties under Rule 651(c) and stood on defendant's *pro se* petition. Defendant argues that if postconviction counsel was unable to support his claims, she was required to withdraw. However, "postconviction counsel has the option of standing on the allegations in the *pro se* petition" *or* withdrawing. *Malone*, 2017 IL App (3d) 140165, ¶ 10; *Pace*, 386 Ill. App. 3d at 1062.

¶ 46 For all of these reasons, we find that defendant has failed to rebut the presumption that he received reasonable assistance of postconviction counsel.

¶ 47 CONCLUSION

¶ 48 For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 49 Affirmed.

¶ 50 JUSTICE PUCINSKI, dissenting:

¶ 51 I would reverse and remand for new second stage proceedings with new postconviction counsel.

¶ 52 Defendant stated in his *pro se* Petition for Postconviction relief that neither his trial attorney nor the court explained that his sentence range included a moratorium on the death penalty he was facing. Even though the moratorium might have ended sometime during his

incarceration, he still had to make a choice about a negotiated plea without that information. In my opinion, that cannot be a knowing decision. For a knowing decision about a guilty plea the defendant has to know all the potential outcomes, not just some of them. His postconviction attorney did not amend his Petition to properly add an affidavit from him about this matter. This was sufficient to rebut the presumption of counsel's 651(c) certificate.

¶ 53    Defendant also stated in his *pro se* Petition that his plea counsel did not preserve his right to appeal, but the postconviction counsel did not amend his petition to get that allegation into its proper form.

¶ 54    To make matters worse, postconviction counsel, ignored the language of the order this court entered in 2014, remanding for second stage, finding that while the *pro se* Petition was "inartfully drawn" it had an arguable basis in fact and law. *People v. Washington*, 2014 IL App (1st) 121295-U, ¶¶ 10-11. This court provided a blueprint which postconviction counsel simply ignored. Instead, counsel made the slightest possible amendment to the Petition by adding a verification to the *pro se* Petition, while arguing in the hearing on the Petition that it still needed some evidence and was, therefore, entitled to a third stage hearing.

¶ 55    I just do not see how we can find, on the one hand, that a *pro se* Petition needs work, and then, on the other hand, let the postconviction attorney get away with failure to amend it.

¶ 56    Because I believe that postconviction counsel provided unreasonable representation, I would reverse and remand for new second stage proceedings with new postconviction counsel.