**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 240337-U

Order filed January 20, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0337 Circuit No. 10-CF-105 |
| | ) | |
| DEVON W. BARKER, | ) ) | Honorable Brenda L. Claudio, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Anderson and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1   *Held*:   Defendant's postconviction petition stated the gist of a constitutional claim.

¶ 2   Defendant, Devon W. Barker, appeals from the first-stage dismissal of his postconviction petition. He argues the circuit court erroneously dismissed his petition because it stated the gist of a constitutional claim, specifically, that his *de facto* life sentence violated the proportionate penalties clause of the Illinois Constitution. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4       In September 2012, a jury found defendant guilty of first degree murder (720 ILCS 5/9-1(a)(1) (West 2010)), two counts of attempted first degree murder (*id.* §§ 8-4(a), 9-1(a)(1)), aggravated discharge of a firearm within 1,000 feet of a school (*id.* § 24-1.2(a)(2), (b)), and possession of a stolen firearm (*id.* § 16-16(a)). The charges arose from a drive-by shooting that resulted in the death of an innocent bystander. Although he was not the shooter, defendant supplied the firearm and drove the vehicle from which the shots were fired. Defendant was 20 years old at the time of the offenses.

¶ 5       The court held a sentencing hearing in November 2012. Citing defendant's presentence investigation report (PSI), the court noted defendant underwent physical abuse, poverty, unstable housing, and parental substance abuse. The court concluded defendant did not "get a fair shake in life" and there was not a great deal of aggravating factors. However, the court stated, due to the statutorily mandated minimums, it was limited in how lenient it could be and how much consideration it could give to defendant's rehabilitative potential. The court sentenced defendant to an aggregate sentence of 58 years' imprisonment; the mandatory minimum was 56 years' imprisonment. On direct appeal, we vacated defendant's conviction and sentence for aggravated discharge of a firearm due to a violation of the one-act, one-crime doctrine. *People v. Barker*, 2015 IL App (3d) 120939-U, ¶ 26. Defendant's aggregate sentence remained the same.

¶ 6       In February 2024, defendant filed a *pro se* postconviction petition, claiming, *inter alia*, his sentence was unconstitutional pursuant to the proportionate penalties clause of the Illinois Constitution. Attached to the petition was a report, "The State of the Science: Late Adolescent Development, Offending and Desistence (July 20, 2023) authored by Tarika Daftary-Kapur,

Ph.D."[1] Defendant contended the sentencing court failed to consider mitigating factors in assessing his culpability, such as his background and adolescent development. Defendant also filed a document entitled, "Letter Brief," stating he was 20 years old at the time of the offenses and providing the legal and scientific pathway for his claim. Defendant requested an evidentiary hearing to fully develop the record and to allow the court to determine whether his characteristics at the time of the offenses were similar to those of a juvenile.

¶ 7        In April 2024, the court dismissed the petition as frivolous and patently without merit. It observed that (1) defendant did not plead any additional personal facts or include an affidavit; (2) the sentencing court considered defendant's age and background as outlined in the PSI; (3) defendant's sentence for first degree murder was only two years over the minimum; (4) defendant was sentenced to minimum sentences on the two attempted murder charges, and only one of the two sentences was ordered to be served consecutively; (5) an innocent bystander was killed; and (6) defendant's sentence was not cruel, degrading, or so wholly disproportionate to the offenses as to shock the moral sense of the community.

¶ 8        This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10        On appeal, defendant argues the court erred in summarily dismissing his postconviction petition because he presented an arguable basis of a constitutional claim—namely, that his mandatory *de facto* life sentence violated the proportionate penalties clause as applied to him. Defendant contends the allegations in his petition were sufficient and supported by the unrebutted PSI.

_____

[1]The court's written order provided this report was attached as an exhibit to defendant's petition. The report does not appear in the record on appeal.

3

¶ 11    The Post-Conviction Hearing Act (Act) provides a process for a criminal defendant to assert in a petition that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. 725 ILCS 5/122-1(a)(1) (West 2024). "The allegations of the petition, taken as true and liberally construed, need only present the gist of a constitutional claim." *People v. Brown*, 236 Ill. 2d 175, 184 (2010). The court may summarily dismiss the petition at the first stage of proceedings if it determines the petition is frivolous or patently without merit, such that it has no arguable basis in law or fact. *People v. Knapp*, 2020 IL 124992, ¶ 45. A petition lacks an arguable basis in law or fact when it is based on an indisputably meritless legal theory, such as a claim completely contradicted by the record, or a fanciful factual allegation, such as those that are fantastic or delusional. *Brown*, 236 Ill. 2d at 185. This standard presents a low threshold for petitioners. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). We review the court's first-stage dismissal of the petition *de novo*. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009).

¶ 12    Here, defendant's petition presented an arguable basis in both law and fact. Our supreme court "has not barred young adult defendants from raising as-applied proportionate penalties clause challenges to life sentences based on the evolving science regarding juvenile maturity and brain development." *People v. Spencer*, 2025 IL 130015, ¶¶ 43, 48 (concluding a 20-year-old defendant could raise such a claim in a postconviction petition). Defendant attached a report to his petition as to this developing area of science and law. Defendant stated he was 20 years old at the time of the offenses and the sentencing court failed to consider his youthfulness as it is now understood. At the time of the sentencing hearing, in November 2012, the court did not have the discretion to sentence defendant below a life sentence and meaningfully consider defendant's rehabilitative potential. See *People v. Green-Hosey*, 2025 IL App (2d) 240284, ¶ 72. Therefore, it is *arguable* defendant's mandatory *de facto* life sentence violated the proportionate penalties clause as applied

4

to him. Thus, the petition stated the gist of a constitutional claim, and the court erred in summarily dismissing it.

¶ 13 In reaching this conclusion, we reject the State's position the petition was properly dismissed where it did not contain any attached factual documentation to support the allegations or an explanation as to why they were not included. The Act requires a petition be accompanied by "affidavits, records, or other evidence supporting its allegations or *** state why the same are not attached." 725 ILCS 5/122-2 (West 2024). Here, defendant attached to his petition a report on adolescent development to support his claim the sentencing court failed to consider such mitigating factors. Defendant was only required to present a limited amount of detail and did not need to set forth the entirety of the claim. See *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). Moreover, any additional facts to support the claim are apparent on the record as contained in the PSI and the sentencing hearing transcript. This is not an instance where petitioner failed to attach any documentation to his petition. See *People v. Allen*, 2015 IL 113135, ¶ 26. Given the low bar at this stage, defendant's petition was procedurally and substantively compliant.

¶ 14 As a final matter, we note the court's findings exceeded the permissible scope of inquiry at the first stage of postconviction proceedings. The court found, for example, that sentencing enhancements were particularly warranted where an innocent bystander was killed, and that the sentencing court satisfactorily considered defendant's age and background as outlined in the PSI. This analysis, however, reflects "a more probing inquiry than what is contemplated on first-stage review, where dismissal is appropriate only if the petition has no arguable basis either in law or in fact." (Internal quotation marks omitted.) *Id.* ¶ 45 (noting the court weighed the credibility of the petition against certain testimony at the first stage). The strengths and weaknesses of defendant's claim are best tested in the later stages of postconviction review. *Id.*

¶ 15                          III. CONCLUSION

¶ 16        For the reasons stated, we reverse the judgment of the circuit court of Kankakee County

and remand for second-stage proceedings.

¶ 17        Reversed and remanded.